LEAVITT LEGAL SERVICES, P.C.  
JAMES T. LEAVITT, ESQ.  
State Bar No. 012803  
601 South 6th Street  
Las Vegas, Nevada 89101  
Phone: (702) 385-7444 Facsimile: (702) 385-1178  
Jamestleavittesq@gmail.com, Leavittcf@gmail.com  
Proposed Attorney for Debtor-in-Possession

E-Filed on: 7/16/2025

**UNITED STATES BANKRUPTCY COURT**  
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | BK-25-13929-mkn |
| | Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS, LLC., | |
| | Date: August 20, 2025 |
| | Time: 9:30 a.m. |
| | Teleconference line: (833) 435-1820 |
| DEBTOR. | Meeting ID: 161 062 2560 |
| | Pass code: 029066# |

**DEBTOR'S MOTION TO ASSUME OR REJECT EXECUTORY CONTRACT**  
**(LEASE AGREEMENT)**

VEGAS CUSTOM GLASS LLC., as debtor and debtor in possession (the "Debtor" or "VCG"), submits this motion (the "Motion") pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") seeking authorization to assume one certain lease agreement and reject another certain lease agreement described herein. This Motion is made and based on the points and authorities herein, the Omnibus Declaration of Vincent Regala in Support of Chapter 11 Petition, Initial Emergency Motions, and Related Relief (the "Omnibus Declaration"), the papers and pleadings on file herein, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Motion.

**I. INTRODUCTION**

1. Vegas Custom Glass LLC (the "Debtor" or "VCG") is a specialized glass fabrication and installation company that provides custom glass solutions to both commercial and residential clients. The Debtor's operations include the design, fabrication, and installation of various glass products and systems, serving a diverse customer base throughout Las Vegas, Nevada.

2. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 9, 2025 (the "Petition Date"). The Debtor has elected to be treated under Subchapter V of Chapter 11 of the Bankruptcy Code. Vegas Custom Glass, LLC, a specialized glass fabrication and installation company serving Las Vegas, Nevada, filed for Chapter 11 bankruptcy protection due to a perfect storm of financial pressures that created an unsustainable liquidity crisis. The company faced substantial increases in material costs, labor expenses, and overhead driven by industry-wide supply chain disruptions and inflation, which outpaced their ability to adjust pricing on existing contracts and created negative margin pressure. These operational challenges were compounded by significant delays in collecting accounts receivable from commercial construction projects, with extended payment cycles that exceeded historical collection experience and created severe working capital strain. The combination of compressed margins and delayed collections rendered the company unable to maintain regular debt service payments, particularly the weekly remittance requirements on outstanding loans, ultimately forcing management to seek Chapter 11 protection under Subchapter V as the most effective framework to restructure debt obligations, improve operational efficiency, and preserve ongoing business operations while emerging as a stronger, more sustainable enterprise.

## II. JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding

pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

### III. RELIEF REQUESTED

4. By this Motion, the Debtor seeks entry of an order, pursuant to sections 105(a) and 365 of the Bankruptcy Code, authorizing the Debtor to: (a) assume that certain lease agreement for suites 20 and 21 (the "Assumed Lease") described herein as an executory contract; and (b) reject that certain lease agreement for suite 19 (the "Rejected Lease") described herein as an executory contract.

### IV. STATEMENT OF FACTS

**A. Description of the Lease Agreements**

5. The Debtor is party to two identical lease agreements with MEOW LLC, a Nevada Limited Liability Company, having an address at 195 E Reno Ave #A, Las Vegas, NV 89119 (the "Landlord"), as lessor, and the Debtor, as lessee.

6. The first lease agreement (the "Rejected Lease") covers premises located at 6255 McCleod Dr., Las Vegas, NV 89120, suite #19 (the "Suite 19 Premises"). The second lease agreement (the "Assumed Lease") covers premises located at 6255 McCleod Dr., Las Vegas, NV 89120, suites #20 and #21 (the "Suite 20-21 Premises").

7. Both original lease agreements were executed on February 1, 2023. The Suite 19 Premises consist of approximately 1,424 square feet of office space and 1,001 square feet of warehouse space for a total of 2,425 square feet. The Suite 20-21 Premises consist of identical square footage and configuration.

8. Both original lease agreements commenced on March 1, 2023, for a term of thirty-six (36) months, with an initial expiration date of February 28, 2026. Both leases were

subsequently modified with new agreements executed on May 20, 2025, extending the terms to expire on July 31, 2025, and providing for renewal on August 1, 2025, for a period of sixty (60) months, expiring on July 31, 2030.

9. The original monthly rent structure under both February 1, 2023 lease agreements was identical and as follows:
   - March 1, 2023 through February 29, 2024: $3,044.00 per month
   - March 1, 2024 through February 28, 2025: $3,135.00 per month
   - March 1, 2025 through February 28, 2026: $3,229.00 per month

10. The monthly rent under both May 20, 2025 renewal agreements is structured identically as follows:
    - Year 1 (August 1, 2025 - July 31, 2026): $6,182.00 per month
    - Year 2 (August 1, 2026 - July 31, 2027): $6,491.00 per month
    - Year 3 (August 1, 2027 - July 31, 2028): $6,816.00 per month
    - Year 4 (August 1, 2028 - July 31, 2029): $7,156.00 per month
    - Year 5 (August 1, 2029 - July 31, 2030): Base rent plus additional rent of $115.00 per month for utilities provided to the premises, which amount may be increased by Landlord at any time.

11. Under both original leases, the Debtor was required to pay a security deposit of $3,229.00 for each lease. Both renewal agreements require an updated security deposit in the amount of $7,514.00 for each lease.

12. Under both original lease terms, the Debtor was responsible for utilities as follows: all water, gas, heat, light, power, telephone service and all other utilities and services supplied to or consumed in or on the respective Premises, plus an additional $70.00 per month for utilities provided to each Premises which are not separately metered (subject to proportional increases for utility rate increases).

**B. Current Status of the Lease Agreements**

13. To the best of the Debtor's knowledge, the Debtor is current on all obligations under both lease agreements as of the Petition Date, and there are no monetary defaults requiring cure under either lease.
14. The Debtor has not received any notice of default from the Landlord prior to or since the Petition Date with respect to either lease agreement.
15. The required security deposits of $7,514.00 have been paid to the Landlord for both lease agreements.
16. Both lease agreements represent executory contracts within the meaning of section 365 of the Bankruptcy Code, as both the Debtor and the Landlord have material unperformed obligations thereunder.

**C. Business Justification for Assumption and Rejection**

17. The Suite 20-21 Premises serve as the Debtor's primary business location and contain specialized equipment and facilities necessary for glass fabrication and installation services. The assumption of the Assumed Lease is essential to the Debtor's continued operations and successful reorganization.
18. The Suite 19 Premises are no longer necessary for the Debtor's operations as the Debtor has consolidated its operations into the Suite 20-21 Premises. The rejection of the Rejected Lease will eliminate unnecessary overhead costs and improve the Debtor's operational efficiency during the reorganization process.
19. The Suite 20-21 Premises are strategically located to serve the Debtor's customer base throughout Las Vegas, Nevada, and relocation would result in significant disruption to operations, substantial moving costs, and potential loss of customers.
20. The rental rates under the Assumed Lease are reasonable and competitive for similar commercial space in the Las Vegas market suitable for the Debtor's specialized operations. The escalating rent structure provides predictability for the Debtor's business planning and reorganization efforts.

21. Assumption of the Assumed Lease will allow the Debtor to maintain business continuity, preserve jobs, and maximize value for all stakeholders during the reorganization process, while rejection of the Rejected Lease will reduce operating expenses and improve the Debtor's financial position.

22. The Debtor has the financial ability to perform its obligations under the Assumed Lease going forward, including the annual rent escalations and utility charges, and can provide adequate assurance of future performance.

## V. LEGAL AUTHORITY

A. Standards for Assumption and Rejection of Executory Contracts

23. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

24. The decision to assume or reject an executory contract is within the sound business judgment of the debtor in possession. See NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984); In re Stable Mews Associates, Inc., 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

25. Courts will approve the assumption of an executory contract if the debtor demonstrates a valid business reason for the assumption. See In re Whitcomb & Keller Mortg. Co., 715 F.2d 375, 378 (7th Cir. 1983). Similarly, courts will approve the rejection of an executory contract if the debtor demonstrates a valid business reason for the rejection.

B. Cure Requirements

26. Section 365(b)(1) of the Bankruptcy Code provides that if there has been a default under an executory contract, the debtor may not assume such contract unless the debtor: (A) cures, or provides adequate assurance that the debtor will cure, such default; (B) compensates, or provides adequate assurance that the debtor will compensate, the other

party for any actual pecuniary loss resulting from such default; and (C) provides adequate assurance of future performance under such contract. 11 U.S.C. § 365(b)(1).

27. Based on the Debtor's records and knowledge, there are no monetary defaults under either lease agreement that require cure. The Debtor is current on all rent payments under both leases and has satisfied the security deposit requirements of $7,514.00 for each lease.

**C. Adequate Assurance of Future Performance**

28. The Debtor can provide adequate assurance of future performance under the Assumed Lease through its ongoing business operations and cash flow projections. The Debtor's business model of providing specialized glass fabrication and installation services generates sufficient revenue to meet its obligations under the Assumed Lease.

29. The Debtor's management team has extensive experience in the glass fabrication industry and has successfully operated the business from the Suite 20-21 Premises since March 1, 2023.

30. The assumption of the Assumed Lease is integral to the Debtor's Chapter 11 plan and reorganization efforts, and the Debtor is committed to performing all obligations under the Assumed Lease.

**VI. NOTICE**

31. The Debtor will serve a copy of this Motion on the Landlord, the U.S. Trustee, and all parties entitled to notice pursuant to Bankruptcy Rule 2002.

32. The Debtor requests that the Court schedule a hearing on this Motion with appropriate notice to all interested parties.

**VII. CONCLUSION**

33. The Debtor respectfully submits that the relief requested herein is in the best interests of the Debtor, its estate, and all parties in interest. The assumption of the Assumed Lease for suites 20 and 21 is essential to the Debtor's ongoing operations and successful reorganization, while the rejection of the Rejected Lease for suite 19 will eliminate unnecessary overhead costs and improve operational efficiency.

34. The Debtor has demonstrated valid business reasons for both the assumption and rejection of the respective lease agreements. The Debtor is current on all obligations under both leases, eliminating any cure requirements, and can provide adequate assurance of future performance under the Assumed Lease.

35. The proposed assumption and rejection will enable the Debtor to streamline its operations, reduce costs, and position itself for a successful emergence from Chapter 11 while preserving jobs and maximizing value for all stakeholders.

WHEREFORE, the Debtor respectfully requests that this Court enter an order: (a) authorizing the Debtor to assume the lease agreement for suites 20 and 21 at 6255 McCleod Dr., Las Vegas, NV 89120; (b) authorizing the Debtor to reject the lease agreement for suite 19 at 6255 McCleod Dr., Las Vegas, NV 89120; and (c) granting such other and further relief as this Court deems just and proper.

DATED this 16th day of July, 2025.

**Submitted by:**

**LEAVITT LEGAL SERVICES, P.C.**

By: *James T. Leavitt, Esq.*
James T. Leavitt, Esq.
Leavitt Legal Services, P.C.
601 S. Sixth Street
Las Vegas, NV 89101
Proposed Attorney for Debtor-in-Possession

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittcf@gmail.com
Proposed Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | BK-25-13929-mkn |
| ) | Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS, LLC., ) | |
| ) | Date: August 20, 2025 |
| ) | Time: 9:30 a.m. |
| ) | |
| DEBTOR. ) | |
| _____) | |

### PROPOSED ORDER GRANTING DEBTOR'S MOTION TO ASSUME OR REJECT EXECUTORY CONTRACT (LEASE AGREEMENT)

Upon consideration of the Motion of Vegas Custom Glass LLC., as debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to sections 105(a) and 365 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to assume one certain lease agreement and reject another certain lease agreement (the "Motion"), and upon the Omnibus Declaration of Vincent Regala in Support of Chapter 11 Petition, Initial Emergency Motions, and Related Relief, and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper pursuant to 28 U.S.C. §§ 1408(1) and 1409(a), and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is required, and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED.
2. The Debtor is hereby authorized and empowered, pursuant to sections 105(a) and 365 of the Bankruptcy Code, to assume that certain lease agreement between MEOW LLC, a Nevada Limited Liability Company, as landlord, and the Debtor, as tenant, covering the premises located at 6255 McCleod Dr., Las Vegas, NV 89120, suites #20 and #21, as modified by the renewal agreement dated May 20, 2025 (the "Assumed Lease").
3. The Debtor is hereby authorized and empowered, pursuant to sections 105(a) and 365 of the Bankruptcy Code, to reject that certain lease agreement between MEOW LLC, a Nevada Limited Liability Company, as landlord, and the Debtor, as tenant, covering the premises located at 6255 McCleod Dr., Las Vegas, NV 89120, suite #19, as modified by the renewal agreement dated May 20, 2025 (the "Rejected Lease").
4. The assumption of the Assumed Lease shall be effective as of the date of entry of this Order.
5. The rejection of the Rejected Lease shall be effective as of the date of entry of this Order.
6. Based upon the record before the Court, there are no monetary defaults under either lease agreement that require cure pursuant to section 365(b)(1) of the Bankruptcy Code.
7. The Debtor has demonstrated adequate assurance of future performance under the Assumed Lease within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.
8. Any claims arising from the rejection of the Rejected Lease shall be treated as general unsecured claims against the Debtor's estate and shall be subject to the claims bar date established in this case.
9. The Debtor is authorized to take all actions necessary to effectuate the relief granted herein.
10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.
11. The requirements of Bankruptcy Rule 6006 are satisfied.

12. This Order shall be effective immediately upon entry, and the requirements of Bankruptcy Rule 6004(h) are satisfied or waived.

IT IS SO ORDERED.

PREPARED AND SUBMITTED:

LEAVITT LEGAL SERVICES, P.C.

By: /s/James T. Leavitt
JAMES T. LEAVITT, ESQ.
Nevada Bar No. 012803
601 S 6th Street
Las Vegas, Nevada 89101
Attorney for Debtor-in-Possession

# CERTIFICATE OF SERVICE

On the 16th day of July, 2025 I served the following document(s):

***DEBTOR'S MOTION TO ASSUME OR REJECT EXECUTORY CONTRACT (LEASE AGREEMENT)***

I served the above-named document(s) by depositing a true and complete copy of the above named document(s), first class postage paid into the United States Mail, via US Mail to the following persons as listed In the attached Matrix.

I hereby certify that on July 16th, 2025, I served a true and correct copy of the foregoing document on the following parties by the method indicated:

**MEOW LLC**
195 E Reno Ave #A
Las Vegas, NV 89119
☒ U.S. Mail ☐ Hand Delivery ☐ Email ☐ ECF

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 16th day of July, 2025.

| Melissa Milroy | /s/ Melissa Milroy |
|---|---|
| **(Name of Declarant)** | **(Signature of Declarant)** |

- 9 -

```
Label Matrix for local noticing          VEGAS CUSTOM GLASS, LLC                 United States Bankruptcy Court
0978-2                                   6255 MCLEOD DR. STE 21                  300 Las Vegas Blvd., South
Case 25-13929-mkn                        LAS VEGAS, NV 89120-4075                Las Vegas, NV 89101-5833
District of Nevada
Las Vegas
Wed Jul 16 15:03:45 PDT 2025

Ally Financial                           Ally Financial                          Alo Capital Group
500 Woodward Ave                         Acct No xxx-xxxx-x4879                  18851 NE 29th Ave
Detroit, MI 48226-3416                   500 Woodward Ave                        Miami, FL 33180-2847
                                         Detroit, MI 48226-3416

Bank of America                          Bank of America                         Beacon Sales Acquisition Inc. dba QXO/Waterp
Acct No xxxx xxxx xxxx 0041              Acct No xxxx xxxx xxxx 0099             505 Huntmar Park Dr.
PO Box 25118                             PO Box 25118                            Herndon, VA 20170-5103
Tampa, FL 33622-5118                     Tampa, FL 33622-5118

Boyd Martin Construction                 C.R. Laurence Co Inc                    Christensen James and Martin CHTD
5965 McLeod Dr                           2503 E Vernon Ave                       Acct No xxxxxx5872
Las Vegas, NV 89120-3404                 Los Angeles, CA 90058-1826              7440 W Sahara
                                                                                 Las Vegas, NV 89117-2740

E Financial Tree                         Empire CAT Rental                       Forte Specialty Contractors
201 Broad St Suite 1002                  3300 St Rose Pkwy                       3451 W Martin Ave C
Stamford, CT 06901-2004                  Henderson, NV 89052-3985                Las Vegas, NV 89118-4572

Fox Funding                              Glass Supply Inc                        GlassWerks LA Inc
803 S 21st Ave                           2975 S Highland Dr                      8600 Rheem Ave
Hollywood, FL 33020-6962                 Las Vegas, NV 89109-1011                South Gate, CA 90280-3333

Hammond Caulking                         Howard and Howard                       (p)INTERNAL REVENUE SERVICE
3355 W Lake Mead Blvd #100               The Wells Fargo Tower                   CENTRALIZED INSOLVENCY OPERATIONS
North Las Vegas, NV 89032-4901           3800 Howard Hughes Pkwy                 PO BOX 7346
                                         Las Vegas, NV 89169-0972                PHILADELPHIA PA 19101-7346

International Window Company             Joe Lieberman, ESQ                      Martin Harris Construction
Acct No x3008                            Lieberman and Klestzick, LLP            3030 S Highland Dr
2455 Wardlow Rd                          PO Box 356                              Las Vegas, NV 89109-1047
Corona, CA 92878-5191                    Cedarhurst, NY 11516-0356

OFFICE OF THE UNITED STATES TRUSTEE      PWI Construction Inc                    Quickbridge
ATTN: EDWARD M. MCDONALD JR.             3902 W Martin Ave                       Acct No xxx-xxxxx5-02-6
300 LAS VEGAS BLVD. SOUTH, SUITE 4300    Las Vegas, NV 89118                     46 Discovery Suite 200
LAS VEGAS, NV 89101-5803                                                         Irvine, CA 92618-3123

Quickbridge                              Quickbridge                             School Guard Glass
Acct No xxx-xxxxx5-02-7                  Acct No xxx-xxxxx5-02-8                 Acct No xx0635
46 Discovery Suite 200                   46 Discovery Suite 200                  14 Federico Drive
Irvine, CA 92618-3123                    Irvine, CA 92618-3123                   Pittsfield, MA 01201-5518
```


```
Smalley & Company                Southern Nevada Glaziers and Fabricators   Stanley Doors
5295 Procyon St #100             Acct No xxxxxx5872                          65 Scott Swamp Road
Las Vegas, NV 89118-1676         PO Box 400608                               Farmington, CT 06032-2803
                                 Las Vegas, NV 89140-0608


U.S. TRUSTEE - LV - 11           Vegas Remodels                              Vincent Regala
300 LAS VEGAS BOULEVARD S.       1620 Raiders Way Suite 130                  3750 Salt Cedar Ln
SUITE 4300                       Henderson, NV 89052-4631                    Las Vegas, NV 89121-5932
LAS VEGAS, NV 89101-5803


BRIAN D. SHAPIRO                 JAMES T. LEAVITT
510 S. 8TH STREET                LEAVITT LEGAL SERVICES, P.C.
LAS VEGAS, NV 89101-7003         601 SOUTH 6TH STREET
                                 LAS VEGAS, NV 89101-6919
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service
Ogden, UT 84201
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Blusky Restoration Contractors   (u)Builders United         (u)ES Oasis LLC


(u)Grey West Construction           (u)Legay Jones LLC         (u)Monument Construction - 25th


(u)Ochoa                            (u)PRL                     End of Label Matrix
                                                               Mailable recipients    37
                                                               Bypassed recipients     8
                                                               Total                  45
```