**LEAVITT LEGAL SERVICES, P.C.**  E-Filed on: 7/16/2025
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Proposed Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | BK-25-13929mkn |
| | ) | Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS LLC., | ) | |
| | ) | Date: August 20, 2025 |
| | ) | Time: 9:30 a.m. |
| | ) | Teleconference line: (833) 435-1820 |
| DEBTOR. | ) | Meeting ID: 161 062 2560 |
| | ) | Passcode: 029066# |

**MOTION FOR ORDER: (I) AUTHORIZING DEBTOR TO**
**PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES,**
**AND HONORING OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING**
**AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS**
**CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

VEGAS CUSTOM GLASS LLC., as debtor and debtor in possession (the "Debtor" or "VCG"), submits its motion (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") seeking authorization and approval to pay its employees' wages and other benefits. This Motion is made and based on the points and authorities herein, the *Omnibus Declaration of Vincent Regala in Support of Chapter 11 Petition, Initial Motions, and Related Relief* (the "Omnibus Declaration") the papers and pleadings on file herein, judicial notice of which are requested, and any arguments of counsel made at the hearing on the Motion.

**II. Introduction**

1.  1. Vegas Custom Glass, LLC (the "Debtor" or "VCG") is a specialized glass fabrication and installation company that provides custom glass solutions to both commercial

and residential clients. The Debtor's operations include the design, fabrication, and installation of various glass products and systems, serving a diverse customer base throughout Las Vegas, Nevada.

2. Vegas Custom Glass, LLC, a specialized glass fabrication and installation company serving Las Vegas, Nevada, filed for Chapter 11 bankruptcy protection due to a perfect storm of financial pressures that created an unsustainable liquidity crisis. The company faced substantial increases in material costs, labor expenses, and overhead driven by industry-wide supply chain disruptions and inflation, which outpaced their ability to adjust pricing on existing contracts and created negative margin pressure. These operational challenges were compounded by significant delays in collecting accounts receivable from commercial construction projects, with extended payment cycles that exceeded historical collection experience and created severe working capital strain. The combination of compressed margins and delayed collections rendered the company unable to maintain regular debt service payments, particularly the weekly remittance requirements on outstanding loans, ultimately forcing management to seek Chapter 11 protection under Subchapter V as the most effective framework to restructure debt obligations, improve operational efficiency, and preserve ongoing business operations while emerging as a stronger, more sustainable enterprise.

## II. Jurisdiction and Venue

3. On July 9th 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor has elected to be treated under Subchapter V of chapter 11 of the Bankruptcy Code, and thus the Debtor is authorized to continue operating its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

4. The Court has subject matter jurisdiction to consider and determine this matter

pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

### III. Statement of Facts

5. As of the Petition Date, the Debtor employs approximately sixteen (16) employees (collectively, the "Employees"), all of which are full-time employees and in the ordinary course of its business whose continued service is vital to Debtor's ongoing operations and reorganization efforts. As of the Petition Date, the Employees no unpaid sums were incurred in the ordinary course of the Debtor's business and operations, including pre-petition compensation (collectively, the "Wage Obligations").

6. The Debtor seeks authorization to continue to pay these Wage Obligations in the ordinary course of business.

7. The Debtor is required by law to withhold from the Employees' wages amounts related to federal and state income taxes, as well as social security and Medicare taxes and to remit the same to the appropriate taxing authorities. To the extent that the Debtor has deducted funds from the Employees' paychecks sufficient to pay pre-petition taxes, withholding taxes and FICA contributions attributable to Wage Obligations, which are due but have not been paid yet to any governmental entity, the Debtor seeks authorization to continue to deduct these funds and pay them to such governmental entities in the ordinary course of business. In addition, the Debtor is required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state imposed limits), additional amounts to the taxing authorities for, among other things, state and federal unemployment insurance. The Debtor seeks authorization to continue to pay or turn over these funds to the applicable authorities in the ordinary course of business.

8. In the ordinary course of its business, the Debtor *does* accrue amounts for contributions to health and benefit programs or voluntary insurance plans, pertaining to services rendered by the Employee (collectively, the "Employee Benefit Plans"). These benefits include health plans (*i.e.* medical, dental, vision, and life insurance), various welfare plans (*i.e.* life insurance, disability insurances, accidental death and dismemberment insurance), and other employee assistance programs. These employee benefit contributions (the "Employee Benefit Contributions")

11. Finally, under the laws of the State of Nevada, the Debtor is required to maintain workers' compensation insurance to provide their Employees with coverage for claims arising from or related to their employment with the Debtor. The Debtor currently maintains an annual workers' compensation policy (the "Workers' Comp Policy") pursuant to which it provides workers' compensation insurance coverage. As of the Petition Date, the Debtor Workers' Comp Policy is active and the Debtor hereby seeks authority to maintain its Workers' Comp Policy in accordance with applicable law post-petition and to pay all premium installments as they come due in the ordinary course of business.

12. If Debtor is unable to take the necessary steps to ensure that wages and taxes are paid for the pay period commencing immediately prior to the Petition Date, there is a significant risk that essential Employees will resign. As such, continued payment of Wage Obligations, Worker's Comp Policy and other matters set forth herein is essential to maintain positive relations between Debtor and its Employee, as well as to comply with applicable State law. If the relief requested herein is not granted, the success of Debtor's ongoing operations and reorganization will be placed in substantial jeopardy, and the Debtor will likely be in violation of various State laws. Thus, the relief request herein in the best interests of the of Debtor, its estate, its creditors, and all other parties in interest.

### IV. Legal Authorities

13. Sections 105(a) and 363(b) of the Bankruptcy Code, in conjunction with sections 507(a)(4) and 507(a)(5), enable the Court to authorize the Debtor to continue payment of Wage Obligations and Reimbursable Business Expenses. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. Section 363(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[t]he trustee, after notice and a hearing may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ." 11 U.S.C. § 363(b)(1).

15. Section 507(a)(4) of the Bankruptcy Code provides, in pertinent part, a fourth priority claim for "allowed unsecured claims, but only to the extent of $13,650 for each individual . . . earned within 180 days before the date of filing of the petition . . . for--(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual[.]" 11 U.S.C. § 507(a)(4).

16. The immediate payment of pre-petition wage claims is necessary to retain Debtor's Employees; therefore, such payments are critical to maintaining Debtor's ongoing business and its reorganization efforts. Accordingly, courts have held that pre-petition wage claims may be payable outside of a plan of reorganization by virtue of their necessity as well as their priority. See Czyzewski v. Jevic Corp., 137 S. Ct. 973, 985-86 (2017) (noting that courts have "approved interim distributions that violate ordinary priority rules. But in such instances one can generally find significant Code-related objectives that the priority-violating distributions serve. Courts, for example, have approved 'first-day' wage orders that allow payment of employees' pre-petition wages, . . . . In doing so, these courts have usually found that the distributions at issue would "enable a successful reorganization and make even the disfavored creditors better off.") (citations omitted); Burchinal v. Central Wash Bank (In re Adams Apple, Inc.), 829 F.2d 1484, 1490 (9th Cir. 1987) (noting that cases have permitted unequal treatment of pre-petition debts

when necessary for rehabilitation, including specifically within the context of pre-petition wages); In re CEI Roofing, Inc., 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004); In re CoServ, L.L.C., 273 B.R. 487, 494 n.10 (Bankr. N.D. Tex. 2002); In re The Colad Group, Inc., 324 B.R. 208, 214 (Bankr. W.D.N.Y. 2005); In re Equalnet Comm. Corp., 258 B.R. 368, 370 (Bankr. S.D. Tex.2000); In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

17. Further, with respect to payroll taxes in particular, the payment of such taxes will not prejudice other creditors of the Debtor's estate because the relevant taxing authorities generally would hold priority claims under section 507(a)(8) of the Bankruptcy Code with respect to such obligations. Moreover, the portion of the payroll taxes withheld from Employees' wages on behalf of the applicable taxing authority is held in trust by the Debtor. As such, these payroll taxes are not property of the estate pursuant to section 541 of the Bankruptcy Code. See Beiger v. IRS, 496 U.S. 53 (1990). Indeed, the failure to pay such withheld amounts would likely subject various control persons of the Debtor to personal liability.

**V. Notice**

18. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." In view of the urgency of the relief requested herein and the risk to Debtor's operations if the Debtor cannot pay its Employees, a fourteen-day stay of the relief sought herein is impractical. Accordingly, Debtor requests that this Court waive the stay under Bankruptcy Rule 6004(h) and provide in the order granting the relief sought herein that such order shall be effective immediately.

19. Bankruptcy Rule 6003(b) provides "except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, lease or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before

filing of the petition. . . ." As described herein and in the Omnibus Declaration, if the outstanding employee obligations are not satisfied or honored as set forth herein, Debtor will experience immediate and irreparable harm. To ensure Debtor's successful reorganization and maximize value for its creditors, this Court should find that the exception set forth in Bankruptcy Rule 6003 applies here. Given the emergency nature of the relief requested herein, and the potential disruption to Debtor's operations that will ensue if such relief requested is not granted, the Debtor submits that no further notice need be given prior to granting the relief sought herein.

## VI. Reservation of Rights

20. Nothing contained herein is intended or shall be construed as: (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of Debtor's or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment authorized pursuant to the Court's order is not intended and should not be construed as an admission to any claim's validity or a waiver of Debtor's rights to dispute such claim subsequently.

## VII. Conclusion

WHEREFORE, the Debtor requests that the Court enter an order: (A) authorizing, but not requiring, the Debtor in its sole discretion to pay or honor all employee-related obligations set forth herein; (B) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks related to the foregoing, including specifically those drawn from the Debtor's accounts, whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in Debtor's accounts to cover such payments; and  (C) debtor asks permission that order cover requested relief from the date of the filing. The Debtor also requests such other and further relief as is just and proper.

DATED this 16th day of July, 2025

Submitted by:

LEAVITT LEGAL SERVICES, P.C.

By: *James T. Leavitt*
    James T. Leavitt, Esq.
    Leavitt Legal Services, P.C.
    601 S. Sixth Street
    Las Vegas NV 89101
    Proposed Attorney for Debtor-in-Possession

LEAVITT LEGAL SERVICES, P.C.
JAMES T. LEAVITT, ESQ.
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Proposed Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>VEGAS CUSTOM GLASS LLC.,<br><br><br><br>        DEBTOR.<br>_____ | BK-25-13929mkn<br>Chapter 11, Subchapter V<br><br>Date:<br>Time: |

**PROPOSED ORDER GRANTING MOTION FOR ORDER: (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND HONORING OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Vegas Custom Glass LLC., as debtor and debtor in-possession (the "Debtor"), by and through its counsel, James T. Leavitt Esq. having filed its Motion For Order: (I) Authorizing Debtor to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Honoring Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations as supplemented (the "Motion") [ECF No. __]; the Motion having come on for hearing before the above-captioned Court on the ___ day of ____ 2025 at __:___.m., all appearances having been noted on the record; the Court having reviewed the Motion, and the other pleadings on file and having heard and considered the argument of counsel; the Court having stated its findings of fact and conclusions of law on the

record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 7052 and 9014; it appearing that the relief requested is necessary to preserve Debtor's ongoing operations and to avoid immediate and irreparable harm, and is in the best interests of the Debtor, its estate, and its creditors; and in the light of the circumstances and the emergency nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED.

2. Debtor, in its sole discretion, is hereby authorized, but not required: (I) to Pay Wages, Salaries, Benefits, Reimbursable Business Expenses, and Honoring Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations and that no employee will receive more than what would be allowed under 507(a)(4) by way of priority.

3. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks related to the foregoing, including specifically those drawn from the Debtor's account(s), whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in Debtor's accounts to cover such payments;

4. The payments authorized by this Order are not exempt from subsequent operation of sections 547, 548, 549 and 550 of the Bankruptcy Code; and

5. Debtor is excepted from the operation of Bankruptcy Rule 6003(b). Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be immediately effective from the date of the filing and enforceable upon its entry.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

LEAVITT LEGAL SERVICES, P.C.

By: /s/James T. Leavitt
JAMES T. LEAVITT, ESQ.
Nevada Bar No. 012803
601 S 6th Street
Las Vegas, Nevada 89101
Attorney for Debtor-in-Possession

***LR 9021 CERTIFICATION***

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

  ___ The court has waived the requirement set forth in LR 9021(b)(1).

  ___ No party appeared at the hearing or filed an objection to the motion.

  _X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

  ___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

**CERTIFICATE OF SERVICE**

On the 16th day of July, 2025 I served the following document(s):

*MOTION FOR ORDER: (I) AUTHORIZING DEBTOR TO PAY WAGES, SALARIES, BENEFITS, REIMBURSABLE BUSINESS EXPENSES, AND HONORING OTHER EMPLOYEE OBLIGATIONS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS*

I served the above-named document(s) by depositing a true and complete copy of the above named document(s), first class postage paid into the United States Mail, via US Mail to the following persons as listed In the attached Matrix.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 16th day of July, 2025.

| Melissa Milroy | /s/ Melissa Milroy |
|---|---|
| **(Name of Declarant)** | **(Signature of Declarant)** |

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0978-2<br>Case 25-13929-mkn<br>District of Nevada<br>Las Vegas<br>Wed Jul 16 15:03:45 PDT 2025 | VEGAS CUSTOM GLASS, LLC<br>6255 MCLEOD DR. STE 21<br>LAS VEGAS, NV 89120-4075 | United States Bankruptcy Court<br>300 Las Vegas Blvd., South<br>Las Vegas, NV 89101-5833 |
| Ally Financial<br>500 Woodward Ave<br>Detroit, MI 48226-3416 | Ally Financial<br>Acct No xxx-xxxx-x4879<br>500 Woodward Ave<br>Detroit, MI 48226-3416 | Alo Capital Group<br>18851 NE 29th Ave<br>Miami, FL 33180-2847 |
| Bank of America<br>Acct No xxxx xxxx xxxx 0041<br>PO Box 25118<br>Tampa, FL 33622-5118 | Bank of America<br>Acct No xxxx xxxx xxxx 0099<br>PO Box 25118<br>Tampa, FL 33622-5118 | Beacon Sales Acquisition Inc. dba QXO/Waterp<br>505 Huntmar Park Dr.<br>Herndon, VA 20170-5103 |
| Boyd Martin Construction<br>5965 McLeod Dr<br>Las Vegas, NV 89120-3404 | C.R. Laurence Co Inc<br>2503 E Vernon Ave<br>Los Angeles, CA 90058-1826 | Christensen James and Martin CHTD<br>Acct No xxxxxx5872<br>7440 W Sahara<br>Las Vegas, NV 89117-2740 |
| E Financial Tree<br>201 Broad St Suite 1002<br>Stamford, CT 06901-2004 | Empire CAT Rental<br>3300 St Rose Pkwy<br>Henderson, NV 89052-3985 | Forte Specialty Contractors<br>3451 W Martin Ave C<br>Las Vegas, NV 89118-4572 |
| Fox Funding<br>803 S 21st Ave<br>Hollywood, FL 33020-6962 | Glass Supply Inc<br>2975 S Highland Dr<br>Las Vegas, NV 89109-1011 | GlassWerks LA Inc<br>8600 Rheem Ave<br>South Gate, CA 90280-3333 |
| Hammond Caulking<br>3355 W Lake Mead Blvd #100<br>North Las Vegas, NV 89032-4901 | Howard and Howard<br>The Wells Fargo Tower<br>3800 Howard Hughes Pkwy<br>Las Vegas, NV 89169-0972 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| International Window Company<br>Acct No x3008<br>2455 Wardlow Rd<br>Corona, CA 92878-5191 | Joe Lieberman, ESQ<br>Lieberman and Klestzick, LLP<br>PO Box 356<br>Cedarhurst, NY 11516-0356 | Martin Harris Construction<br>3030 S Highland Dr<br>Las Vegas, NV 89109-1047 |
| OFFICE OF THE UNITED STATES TRUSTEE<br>ATTN: EDWARD M. MCDONALD JR.<br>300 LAS VEGAS BLVD. SOUTH, SUITE 4300<br>LAS VEGAS, NV 89101-5803 | PWI Construction Inc<br>3902 W Martin Ave<br>Las Vegas, NV 89118 | Quickbridge<br>Acct No xxx-xxxxx5-02-6<br>46 Discovery Suite 200<br>Irvine, CA 92618-3123 |
| Quickbridge<br>Acct No xxx-xxxxx5-02-7<br>46 Discovery Suite 200<br>Irvine, CA 92618-3123 | Quickbridge<br>Acct No xxx-xxxxx5-02-8<br>46 Discovery Suite 200<br>Irvine, CA 92618-3123 | School Guard Glass<br>Acct No xx0635<br>14 Federico Drive<br>Pittsfield, MA 01201-5518 |

| | | |
|---|---|---|
| Smalley & Company<br>5295 Procyon St #100<br>Las Vegas, NV 89118-1676 | Southern Nevada Glaziers and Fabricators<br>Acct No xxxxxx5872<br>PO Box 400608<br>Las Vegas, NV 89140-0608 | Stanley Doors<br>65 Scott Swamp Road<br>Farmington, CT 06032-2803 |
| U.S. TRUSTEE - LV - 11<br>300 LAS VEGAS BOULEVARD S.<br>SUITE 4300<br>LAS VEGAS, NV 89101-5803 | Vegas Remodels<br>1620 Raiders Way Suite 130<br>Henderson, NV 89052-4631 | Vincent Regala<br>3750 Salt Cedar Ln<br>Las Vegas, NV 89121-5932 |
| BRIAN D. SHAPIRO<br>510 S. 8TH STREET<br>LAS VEGAS, NV 89101-7003 | JAMES T. LEAVITT<br>LEAVITT LEGAL SERVICES, P.C.<br>601 SOUTH 6TH STREET<br>LAS VEGAS, NV 89101-6919 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Ogden, UT 84201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Blusky Restoration Contractors | (u)Builders United | (u)ES Oasis LLC |
| (u)Grey West Construction | (u)Legay Jones LLC | (u)Monument Construction - 25th |
| (u)Ochoa | (u)PRL | End of Label Matrix<br>Mailable recipients    37<br>Bypassed recipients     8<br>Total                  45 |