**LEAVITT LEGAL SERVICES, P.C.**                    E-Filed on: 7/16/2025
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Proposed Attorney for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:                                    ) BK-25-13929-mkn
                                          ) Chapter 11, Subchapter V
VEGAS CUSTOM GLASS, LLC.,                  )
                                          ) Date: August 20, 2025
                                          ) Time: 9:30 a.m.
                                          ) Teleconference line: (833) 435-1820
                                          ) Meeting ID: 161 062 2560
            DEBTOR.                        ) Pass code: 029066#
_____)

### MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 FOR AN ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES AND FOR APPROVAL OF PROCEDURES

Vegas Custom Glass, LLC., as debtor and debtor in possession (the "Debtor" or "VCG"), submits its motion (the "Motion")  pursuant to 11 U.S.C. §§ 105(a) and 366 for an order determining that adequate assurance has been provided to utility companies. This Motion is made and based on the points and authorities herein, the *Omnibus Declaration of Vincent Regala in Support of the Chapter 11 Petition, Initial Motions, and Related Relief* (the "Omnibus Declaration"), the papers and pleadings on file herein, judicial notice of which is requested, and any arguments of counsel entertained by the Court at the time of the hearing on this Motion.

### I. Introduction

1. Vegas Custom Glass, LLC (the "Debtor" or "VCG") is a specialized glass fabrication and installation company that provides custom glass solutions to both commercial and residential

clients. The Debtor's operations include the design, fabrication, and installation of various glass products and systems, serving a diverse customer base throughout Las Vegas, Nevada.

2. Vegas Custom Glass, LLC, a specialized glass fabrication and installation company serving Las Vegas, Nevada, filed for Chapter 11 bankruptcy protection due to a perfect storm of financial pressures that created an unsustainable liquidity crisis. The company faced substantial increases in material costs, labor expenses, and overhead driven by industry-wide supply chain disruptions and inflation, which outpaced their ability to adjust pricing on existing contracts and created negative margin pressure. These operational challenges were compounded by significant delays in collecting accounts receivable from commercial construction projects, with extended payment cycles that exceeded historical collection experience and created severe working capital strain. The combination of compressed margins and delayed collections rendered the company unable to maintain regular debt service payments, particularly the weekly remittance requirements on outstanding loans, ultimately forcing management to seek Chapter 11 protection under Subchapter V as the most effective framework to restructure debt obligations, improve operational efficiency, and preserve ongoing business operations while emerging as a stronger, more sustainable enterprise.

## II. Jurisdiction and Venue

3. On July 9, 2025 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). The Debtor has elected to be treated under Sub chapter V of chapter 11 of the Bankruptcy Code, and thus the Debtor is authorized to continue operating its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

4. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Debtor consents to the entry of final

orders and judgments by the bankruptcy judge. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

### III. Statement of Facts

5. In the ordinary course of operating the Debtor's subsidiary businesses and operations, the Debtor incurs utility expenses for power, phone/internet and waste/recycling, These utility services are provided by the utilities (as such term is used in section 366 of the Bankruptcy Code, collectively, the "Utility Providers"), and inclusive of NV Energy, Cox and Western Elite. On average, the Debtor expends approximately $997.00, in the aggregate, each month on utility costs.

6. As of the Petition Date, the Debtor is current its obligations to all of its Utilities. Additionally, because the Debtor has kept its accounts current, the Debtor has not been required to post any deposits with this Utility Providers.

7. Preserving utility services on an uninterrupted basis is essential to the Debtor's ongoing operations and therefore, to the success of its reorganization. Any interruption of utility services, even for a brief period of time, would disrupt the Debtor's ability to continue maintaining its stores, thereby negatively affecting customer relationships, revenues and profits. Such a result could jeopardize the Debtor's reorganization efforts and, ultimately, value and creditor recoveries. It is therefore critical that utility services continue uninterrupted during the Chapter 11 Case.

8. The Debtor intends to pay its post-petition utility obligations owed to the Utility Providers in a timely manner and keep them current on a go forward basis from and after the Petition Date. The Debtor expects that it will have access to such funds from operations to pay post-petition obligations to the Utility Providers. Given the monthly obligations to Utility Providers, the Debtor asserts that there is no need to provide any additional assurance of payment

for future services to the Utility Providers that did not hold deposits from the Debtor on the Petition Date.

9. Given the long account history, and the monthly obligations to the Utility Providers, the Debtor asserts that there is no need to provide any additional assurance of payment for future services to the Utility Providers who did not hold deposits from the Debtor on the Petition Date.

10. Notwithstanding the Proposed Adequate Assurance for the Utility Providers, if the Utility Providers are not satisfied that they have received adequate assurance of future payment, the Debtor proposes the following procedures (the "Procedures") under which such dissatisfied Utility Provider may make additional requests for adequate assurance:

    a.    If a Utility Provider is *actually served with the order approving this Motion, which service of the order shall be within two (2) days of its entry*, is not satisfied with the assurance of future payment provided by the Debtor, the Utility Provider must serve a detailed written request (a "Request") so that it is actually received within fifteen (15) days of the date of the entry of the order granting this Motion (the "Request Deadline") requesting what additional protections it believes are necessary and appropriate under the circumstances.

    b.    Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request if the Debtor, in its discretion, determines that the Request is reasonable or if the parties negotiate alternate consensual provisions.

    c.    If the Debtor believes that a Request is unreasonable, the Debtor shall file a motion pursuant to section 366(c) of the Bankruptcy Code (a "Determination Motion") within fifteen (14) days after the Request Deadline. The Determination Motion shall seek a determination from the Court that the Utility Deposit account,

plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment. Pending notice and a hearing of the Determination Motion, the Utility Provider that is the subject of the Determination Motion may not alter, refuse or discontinue services to the Debtor, or recover or set off against a pre-petition deposit.

d.      Any Utility Provider *actually and timely served with the order approving this Motion* that fails to make a timely Request shall be deemed to be satisfied that the Debtor's Deposits and Proposed Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of this Chapter 11 Case.

11. The Debtor further requests that all Utility Providers be prohibited from altering, refusing, or discontinuing utility services to the Debtor absent further order of the Court.

### IV. Legal Authority

12. Section 366(c)(2) of the Bankruptcy Code, as amended in 2005, addresses utility services to a Chapter 11 debtor. See 11 U.S.C. § 366(c)(2). Specifically, section 366(c)(2) of the Bankruptcy Code provides that a utility may alter, refuse, or discontinue service if, within thirty (30) days after a Chapter 11 filing, such utility has not received an adequate "assurance of payment" that is satisfactory to the utility. See 11 U.S.C. § 366(c)(2).

13. Section 366(c)(1)(A) of the Bankruptcy Code provides that the term "assurance of payment" means: "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or, (vi) another form of security that is mutually agreed on between the utility and the debtor or trustee." Id. § 366(c)(1)(A). Thus, since section 366(c) of the Bankruptcy Code specifies the form of assurance that will be deemed adequate, a determination of the amount of assurance that must be provided falls squarely within

the court's discretion. See id. § 366(c)(3)(A) ("A court may, after request of a party in interest and after notice and hearing, modify the amount of adequate assurance payment required."); see also In re Haven Eldercare, LLC, No. 07-32720, 2008 WL 139543, at *2 (Bankr. D. Conn. Jan. 10, 2008) (court modified the amount of adequate assurance to equal a cash deposit in an amount equal to that debtor's average monthly invoice over the last 12 months); In re Viking Offshore (USA) Inc., No. 08-31219-H3-11, 2008 WL 782449, at *3 (Bankr. S.D. Tex. Mar. 20, 2008) ("The structure of Section 366 is such that, if [d]ebtors are unable to provide an offer of adequate assurance satisfactory to the utility, the utility may insist on a different amount, subject to a determination by the court.").

14. While the court has discretion in determining the amount of assurance, such discretion is not limitless. Section 366(c)(3)(B) of the Bankruptcy Code lists certain factors that a court may not consider. Specifically, courts may no longer consider: (i) the absence of a security deposit before a debtor's petition date; (ii) a debtor's history of timely payments; or (iii) the availability of an administrative expense priority.

15. Nonetheless, a court's discretion under section 366(c) of the Bankruptcy Code is nearly identical to the discretion it has under section 366(b). Compare 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment"), with 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

16. Courts construing section 366(b) of the Bankruptcy Code have long recognized that adequate assurance does not constitute an absolute guaranty of the debtor's ability to pay. See In re Steinebach, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not, however, absolute assurance. . . . a Bankruptcy Court is not required to give a

[Utility Provider] the equivalent of a guarantee of payment, but must only determine that the utility is not subject to any unreasonable risk of non-payment for post-petition services.") (citing In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (S.D.N.Y. 2002); see also Va. Elec. & Power Co. v. Caldor, Inc.-N.Y. (In re Caldor, Inc.-N.Y.), 199 B.R. 1, 3 (S.D.N.Y. 1996), aff'd, 117 F.3d 646 (2d Cir. 1997) ("Section 366(b) requires a Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guaranty of payment.'").

17. Courts have recognized that, in analyzing the requisite level of adequate assurance, they should "focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." Caldor, Inc.-N.Y., 117 F.3d at 650 (citing In re Penn Jersey Corp., 72 B.R. 981 (Bankr. E.D. Pa. 1987)).

18. It is also well-established that section 366(b) of the Bankruptcy Code permits a court to find that no adequate assurance payment whatsoever may be required. See id. at 650 ("Even assuming that 'other security' should be interpreted narrowly, . . . a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under § 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"). This principle may be applicable in cases where the debtor has made pre-petition deposits or prepayments for services that utilities will ultimately render post-petition. See 11 U.S.C. § 366(c)(1)(A)(v) (recognizing a prepayment for post-petition services as adequate assurance). Accordingly, even after BAPCPA's revisions to section 366 of the Bankruptcy Code, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

19. The Debtor believes it will have sufficient resources to pay, and intends to pay, all

valid post-petition utility obligations for utility services in a timely manner. In addition, the Debtor has a powerful incentive to stay current on its utility obligations because of the Debtor's reliance on utility services for the operation of its cleaning and sanitizing equipment. These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that no adequate assurance payment is required in this Chapter 11 Case (the "Proposed Adequate Assurance"). In light of the foregoing, the Debtor respectfully submits that the Proposed Adequate Assurance for the Utility Providers are more than sufficient to assure the Utility Providers of future payment.

20. Moreover, if a Utility Provider disagrees with the Debtor's analysis, the Procedures will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's continuing operations. If a Utility Provider fails to timely file a Request in accordance with the Procedures, however, such Utility Provider shall be deemed to consent to the Procedures and shall be bound by any order approving this Motion. See In re Syroco, Inc., No. 07-04091, 2007 WL 2404295, at *2 (Bankr. D.P.R. 2007) (a utility provider's lack of objection, response or counter-demand after receiving notice of hearing on utilities motion, notice of interim order and notice of final hearing constitutes tacit acceptance of the debtor's Proposed Adequate Assurance).

21. The proposed Procedures are necessary for the Debtor to carry out its reorganization efforts. If such Procedures are not approved, the Debtor could be forced to address a volume of requests by its Utility Providers during the critical first weeks of its reorganization. Moreover, the Debtor could be blindsided by a Utility Provider unilaterally deciding--on or after the 30th day following the Petition Date--that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service. Discontinuation of utility service would force operations to cease, and such disruption of operations could place the Debtor's reorganization efforts in jeopardy.

## V. Reservation of Rights

22. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtor expressly reserves its rights to contest any invoice of a Utility Provider under applicable non-bankruptcy law. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

## VI. Conclusion

WHEREFORE, the Debtor requests that the Court grant this Motion, thereby: (i) determining that its Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Debtor's proposed Procedures whereby Utility Providers may request additional or different adequate assurance; (iii) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of pre-petition amounts outstanding and on account of any perceived inadequacy of the Debtor's Proposed Adequate Assurance; (iv) determining that the Debtor is not required to provide any additional adequate assurance beyond what is proposed by this Motion; (v) debtor asks permission that order cover requested relief from the date of the filing and (vi) granting the Debtor such other and further relief as is just and proper.

DATED this 16th day of July, 2025.                    Submitted by:

                                            LEAVITT LEGAL SERVICES, P.C.

                                            By: *James T. Leavitt* _____
                                                James T. Leavitt, Esq.
                                                Leavitt Legal Services, P.C.
                                                601 S. Sixth Street
                                                Las Vegas NV 89101
                                                Proposed Attorney for Debtor-in-Possession

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Proposed Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) BK-25-13929-mkn |
| | ) Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS, LLC., | ) |
| | ) DATE: |
| | ) TIME: |
| | ) |
| DEBTOR. | ) |
| _____ | ) |

**PROPOSED ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C.**
**§§ 105(a) AND 366 FOR AN ORDER DETERMINING THAT ADEQUATE**
**ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES**

Vegas Custom Glass, LLC, as debtor and debtor in possession (the "Debtor"), having

filed its Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate

Assurance Has Been Provided to Utility Companies (the "Motion") [ECF No.   ]; the Motion

having come on for hearing before the above-captioned Court on the __th day of ____, 2025 at

_:__ _.m., and all appearances were as noted on the record; Debtor appeared by and through its

proposed counsel, James T. Leavitt, and all other appearances were noted in the record; the Court

having reviewed the Motion and the other pleadings and papers on file, and having heard and

considered the argument of counsel; the Court having stated its findings of fact and conclusions

of law on the record at the hearing on the Motion, which findings of fact and conclusions of law

are incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of

Civil Procedure, made applicable pursuant to Bankruptcy Rules 7052 and 9014; it appearing that

the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditor,

and after due deliberation and sufficient cause appearing therefor, and including the following utility providers and their addresses below:

NV Energy
PO Box 10100
Reno, NV. 89520

Cox
PO Box 52362
Phoenix, AZ. 85072

Western Elite
691 W Warm Springs Rd,
Henderson, NV 89011


**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED.

2. Except in accordance with the procedures set forth below, absent further order of the Court, Debtor's utilities (as such term is used in section 366 of the Bankruptcy Code, collectively, the "Utility Providers") are prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against Debtor solely on the basis of the commencement of its bankruptcy case or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, telephone service, or any other utility of like kind, to Debtor.

3. If a Utility Provider is not satisfied with the assurance of payment provided under this order, the Utility Provider must serve a written request (a "Request") for additional assurance of payment, which Request must be served upon Debtor's counsel so that it is actually received within fourteen (14) days of the date of entry of this order (the "Request Deadline"). The Request must set forth a detailed request for whatever additional protections such party

believes are necessary and appropriate under the circumstances. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor in its discretion determines that the Request is reasonable or if the parties negotiate alternate consensual provisions.

4. If Debtor believes that a Request is unreasonable, Debtor shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion") within fourteen (14) days after the Request Deadline, seeking a determination from the Court that it has provided adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the Request may not alter, refuse, or discontinue services to Debtor nor recover or set off against a pre-petition deposit.

5. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that Debtor's Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Case.

6. Nothing in this order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute a post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code nor shall anything herein be deemed a waiver by Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective from the date of the filing and enforceable upon its entry.

8. The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

**IT IS SO ORDERED.**


PREPARED AND SUBMITTED:

LEAVITT LEGAL SERVICES, P.C.

By:  /s/James T. Leavitt
JAMES T. LEAVITT, ESQ.
Nevada Bar No. 012803
601 S 6th Street
Las Vegas, Nevada 89101
Attorney for Debtor-in-Possession

### *LR 9021 CERTIFICATION*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_____ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

- 15

## **CERTIFICATE OF SERVICE**

On the 16th day of July, 2025 I served the following document(s):

***MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 FOR AN
ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN
PROVIDED TO UTILITY COMPANIES, AND FOR APPROVAL OF PROCEDURES***

I served the above-named document(s) by depositing a true and complete copy of the above named document(s), first class postage paid into the United States Mail, via US Mail to the following persons as listed In the attached Matrix.

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 16th day of July, 2025.

Melissa Milroy _____          /s/ Melissa Milroy _____
(Name of Declarant)                (Signature of Declarant)

- 10

Label Matrix for local noticing
0978-2
Case 25-13929-mkn
District of Nevada
Las Vegas
Wed Jul 16 15:03:45 PDT 2025

VEGAS CUSTOM GLASS, LLC
6255 MCLEOD DR. STE 21
LAS VEGAS, NV 89120-4075

United States Bankruptcy Court
300 Las Vegas Blvd., South
Las Vegas, NV 89101-5833

Ally Financial
500 Woodward Ave
Detroit, MI 48226-3416

Ally Financial
Acct No xxx-xxxx-x4879
500 Woodward Ave
Detroit, MI 48226-3416

Alo Capital Group
18851 NE 29th Ave
Miami, FL 33180-2847

Bank of America
Acct No xxxx xxxx xxxx 0041
PO Box 25118
Tampa, FL 33622-5118

Bank of America
Acct No xxxx xxxx xxxx 0099
PO Box 25118
Tampa, FL 33622-5118

Beacon Sales Acquisition Inc. dba QXO/Waterp
505 Huntmar Park Dr.
Herndon, VA 20170-5103

Boyd Martin Construction
5965 McLeod Dr
Las Vegas, NV 89120-3404

C.R. Laurence Co Inc
2503 E Vernon Ave
Los Angeles, CA 90058-1826

Christensen James and Martin CHTD
Acct No xxxxxx5872
7440 W Sahara
Las Vegas, NV 89117-2740

E Financial Tree
201 Broad St Suite 1002
Stamford, CT 06901-2004

Empire CAT Rental
3300 St Rose Pkwy
Henderson, NV 89052-3985

Forte Specialty Contractors
3451 W Martin Ave C
Las Vegas, NV 89118-4572

Fox Funding
803 S 21st Ave
Hollywood, FL 33020-6962

Glass Supply Inc
2975 S Highland Dr
Las Vegas, NV 89109-1011

GlassWerks LA Inc
8600 Rheem Ave
South Gate, CA 90280-3333

Hammond Caulking
3355 W Lake Mead Blvd #100
North Las Vegas, NV 89032-4901

Howard and Howard
The Wells Fargo Tower
3800 Howard Hughes Pkwy
Las Vegas, NV 89169-0972

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

International Window Company
Acct No x3008
2455 Wardlow Rd
Corona, CA 92878-5191

Joe Lieberman, ESQ
Lieberman and Klestzick, LLP
PO Box 356
Cedarhurst, NY 11516-0356

Martin Harris Construction
3030 S Highland Dr
Las Vegas, NV 89109-1047

OFFICE OF THE UNITED STATES TRUSTEE
ATTN: EDWARD M. MCDONALD JR.
300 LAS VEGAS BLVD. SOUTH, SUITE 4300
LAS VEGAS, NV 89101-5803

PWI Construction Inc
3902 W Martin Ave
Las Vegas, NV 89118

Quickbridge
Acct No xxx-xxxxx5-02-6
46 Discovery Suite 200
Irvine, CA 92618-3123

Quickbridge
Acct No xxx-xxxxx5-02-7
46 Discovery Suite 200
Irvine, CA 92618-3123

Quickbridge
Acct No xxx-xxxxx5-02-8
46 Discovery Suite 200
Irvine, CA 92618-3123

School Guard Glass
Acct No xx0635
14 Federico Drive
Pittsfield, MA 01201-5518

Smalley & Company
5295 Procyon St #100
Las Vegas, NV 89118-1676

Southern Nevada Glaziers and Fabricators
Acct No xxxxxx5872
PO Box 400608
Las Vegas, NV 89140-0608

Stanley Doors
65 Scott Swamp Road
Farmington, CT 06032-2803


U.S. TRUSTEE - LV - 11
300 LAS VEGAS BOULEVARD S.
SUITE 4300
LAS VEGAS, NV 89101-5803

Vegas Remodels
1620 Raiders Way Suite 130
Henderson, NV 89052-4631

Vincent Regala
3750 Salt Cedar Ln
Las Vegas, NV 89121-5932


BRIAN D. SHAPIRO
510 S. 8TH STREET
LAS VEGAS, NV 89101-7003

JAMES T. LEAVITT
LEAVITT LEGAL SERVICES, P.C.
601 SOUTH 6TH STREET
LAS VEGAS, NV 89101-6919


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service
Ogden, UT 84201


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Blusky Restoration Contractors       (u)Builders United            (u)ES Oasis LLC

(u)Grey West Construction               (u)Legay Jones LLC            (u)Monument Construction - 25th

(u)Ochoa                                (u)PRL                        End of Label Matrix
                                                                      Mailable recipients    37
                                                                      Bypassed recipients     8
                                                                      Total                  45