_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
September 08, 2025

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | BK-25-13929-gs |
| | ) | Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS LLC., | ) | |
| | ) | |
| | ) | DATE: August 29, 2025 |
| | ) | TIME: 9:30a.m. |
| DEBTOR. | ) | |

**ORDER AUTHORIZING TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT AND TO PROVIDE ADEQUATE PROTECTION**

ON THIS DAY, came on for consideration the Motion of Vegas Custom Glass, LLC., ("Debtor") For Authority to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection ("Motion") through which Debtor seeks the Court's approval of the agreement and to provide adequate protection of the interests of Allegiance Premium Finance Company in the bankruptcy case and, it appearing to the Court that the operative facts as stipulated by the parties, are those appearing in the Motion, it is hereby ORDERED THAT:

1. The Motion is granted.

2. Debtor is authorized and directed to:

- 1 -

- enter into the Premium Finance Agreement attached to the Motion as Exhibit "A" (the "Premium Finance Agreement");

- grant Allegiance Premium Finance Company or its successor or assigns a first priority lien on and security interest in the Policies[1], including the unearned premiums and other collateral (collectively, the "Collateral"), as described in the Premium Finance Agreement; and

- timely make all payments due under the Premium Finance Agreement. Allegiance Premium Finance Company is authorized to receive and apply such payments to the Indebtedness owed by Debtor to Allegiance Premium Finance Company as provided in the Premium Finance Agreement.

3. Without limitation, the liens, security interests and rights in the Collateral granted under the Premium Finance Agreement: (i) are senior to (a) the liens of any lender providing DIP or cash collateral financing in this Case and (b) to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b); and (ii) shall not be subject to avoidance, priming or surcharge by any party in interest. Pursuant to the Premium Finance Agreement, the Debtor irrevocably appoints Allegiance Premium Finance Company as its attorney-in-fact in the event of default to cancel any financed insurance Policies and collect the Collateral, as described herein.

4. If additional premiums become due to insurance companies under the Policies financed under the Premium Finance Agreement, Debtor and Allegiance Premium Finance Company or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event Debtor does not make any of the payments under this Agreement or the Premium Finance Agreement as they become due, the automatic stay shall automatically lift to enable Allegiance Premium Finance Company and/or third parties (without further order of this Court), including insurance companies providing the protection under the

Policies, to take all steps necessary and appropriate to cancel the Policies, collect the Collateral and apply such Collateral to the Indebtedness owed to Allegiance Premium Finance Company by Debtor.

6. Allegiance Premium Finance Company or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7. The Premium Finance Agreement and the liens and security interests in the Collateral granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case, (ii) the discharge of Debtor, or (iii) the confirmation of a plan of reorganization.

8. To the extent that any audits need to be performed by any carrier on any of the Policies, the Debtor or the trustee subsequently appointed under Chapters 7 or 11, shall reasonably cooperate.

9. The terms and conditions of this Order will be immediately effective and enforceable upon its entry.

IT IS SO ORDERED.

       **IT IS SO ORDERED**

PREPARED AND SUBMITTED:

LEAVITT LEGAL SERVICES

By  /s/ James T. Leavitt
JAMES T. LEAVITT, ESQ.
601 South 6th Street
Las Vegas, Nevada 89101
Attorney for Debtor-in-Possession

### *LR 9021 CERTIFICATION*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

  ___ The court has waived the requirement set forth in LR 9021(b)(1).

  ___ No party appeared at the hearing or filed an objection to the motion.

  _X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

  ___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###