**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Attorney for Debtor-in-Possession

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 25-13929-gs |
| | CHAPTER 11 SUBCHAPTER V |
| VEGAS CUSTOM GLASS LLC., | Hearing Date: OCTOBER 28, 2025 |
| | Hearing Time: 9:30 A.M. |
| _____ DEBTOR. _____ | |

### MOTION TO VALUE COLLATERAL AND OBJECTION TO ALO CAPITAL GROUP'S DUPLICATIVE CLAIMS

Debtor, Vegas Custom Glass LLC, by and through its attorney, James T. Leavitt of Leavitt Legal Services, P.C., moves this Court to value collateral pursuant to 11 U.S.C. §506, §1111 and §1123, and Bankruptcy Rules 3012 and 9014. This Motion also serves as an objection pursuant to 11 U.S.C. §502(a) to proofs of claims #11 and 24 as they are duplicative and seem to address the same underlying debt. This Motion is based on the following Memorandum of Points and Authorities, the Debtor's Declaration and attached Exhibits, all papers and pleadings on file herein, and any other argument or evidence permitted by the Court.

### POINTS AND AUTHORITIES

1. Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code, case number 25-13929 on July 9, 2025.

2. That Trustee Brian Shapiro was duly appointed as Chapter 11 Subchapter V Trustee in this case on July 11, 2025;

3. As of the bankruptcy filing date of July 9, 2025, Debtor's accounts receivable had a book value of $123,567.02. However, Debtor amended its petition on August 19, 2025, to reflect the corrected amount of $92,134.57 in accounts receivable as of the petition date.

4. The bar date set under LR 3003(b) was was 9/17/2025

5. Creditors (i) Alo Capital Group and (ii) Fox Funding filed timely claims secured by, inter alia, the Debtor's accounts receivable prior to the expiration of the claims bar date (collectively the "Secured Creditors"). (iii) E Financial Tree (Sofiagrey, LLC d/b/a/ eFinancial Tree) and (iv) Quickbridge; (collectively, the "Secured Creditors") did not file timely claims prior to the claims bar date set under LR 3003(b).

**Details of Secured Creditor Agreements:**

**Fox Funding Group LLC (Proof of claim #23)**: Future Receivables Sale and Purchase Agreement dated April 1, 2025, with a Purchased Amount of $219,000.00

**Alo Capital Group LLC(two proofs of claims filed #11 & 24):** Sale of Future Receipts Agreement dated June 9, 2025, with a Purchased Amount of $108,000.00

**E Financial Tree (Sofiagrey, LLC d/b/a eFinancial Tree)(no proof of claim filed by bar date)**: Future Receivables Sale and Purchase Agreement dated May 19, 2025, with a Purchased Amount of $145,000.00

**Quick Bridge Funding, LLC(no proof of claim filed by bar date)**: Purchase and Sale of Future Receivables Agreement dated September 16, 2024, with a Purchased Amount of $293,939.80

6. Pursuant to 11 U.S.C. § 506(a)(1), a claim is secured only to the extent of the value of the collateral securing such claim, with any deficiency treated as an unsecured claim;

7. Under 11 U.S.C. § 506(a)(2), the value of property shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property;

8. The Debtor seeks to determine the current fair market value of the accounts receivable to properly classify the claims of Quick Bridge Funding, LLC, Fox Funding Group, LLC,

E Financial Tree (Sofiagrey, LLC d/b/a/ eFinancial Tree), and Alo Capital Group, LLC pursuant to § 506(a);

9.  Valuation of the collateral is necessary for the proper administration of this estate and to determine the treatment of claims in any plan of reorganization.

10.  Valuation of the collateral is necessary for the proper administration of this estate and to determine the treatment of claims in any plan of reorganization.

**ARGUMENT**

A creditor's claim that is under secured may be bifurcated pursuant to 11 U.S.C. § 506(a), with the unsecured portion reclassified as a general unsecured claim. Section 506(a) provides that a claim is secured only to the extent of the value of the collateral, regardless of the amount of the underlying debt. Where the value of collateral securing a claim is less than the total claim amount, the creditor holds a secured claim only to the extent of the collateral's value, with any deficiency treated as an unsecured claim. This principle applies to all forms of collateral, including accounts receivable, and enables the court to properly classify claims based on actual collateral value rather than claimed secured amounts.  In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2).  Specifically, the Court held:

"Section 506(a) divides creditors' claims into 'secured ...claims' and 'unsecured claims.' Although the conventional interpretation of 'secured' might include any claim in which the debtor has a security interest in the debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property. (a)(1)An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's

interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest."

In this case, we have four creditors with secured interests in the Debtor's accounts receivables. It is the position of the Movant that Quick Bridge Funding, LLC (hereinafter "QBF") was the first to perfect its security in the accounts receivable. This debt is the result of three different transactions: 1) Account ending in 85-02-6 for $46,763.13 on October, 4th 2024; 2) Account ending in 85-02-7 for $36,016.32 on November 6th, 2024; and 3) Account ending in 85-02-8 for $70,999.92 on January 16th, 2025. These 3 accounts total $153,779.37. The QBF debts were acquired prior to all three of the other 3 claims to the accounts receivable. Since the amount owed to QBF is in excess of the value of the collateral at the time of filing, under *In re Zimmer,* this claim can and should be bifurcated to reflect the amount of the collateral at the time of filing. As such, Movant requests this Court value the collateral securing Secured Creditor's claim to bifurcate the secured and unsecured portions of said claim.

It is the position of the Movant that because QBF did not file a timely claim, that the unsecured portion of the claim be disallowed from payment under any future confirmed plan. Additionally, it is also the position of the Movant that since QBF's security encompassed all of the secured value of the collateral that the date of filing, that E Financial Tree (Sofiagrey, LLC d/b/a/ eFinancial Tree)(hereinafter "Efin")'s debt be deemed unsecured and that since no proof of claim was filed that they receive no payment under any future confirmed plan. Further, it is the position of the Movant that the claims of Alo Capital Group LLC (hereinafter "Alo") and Fox

Funding group, LLC (hereinafter "Fox") be treated as fully unsecured in any future confirmed plan. In the case of Alo, we ask that this court disallow either claim #11 or #24 as they represent an identical debt. Each of Alo's two claims (See attached proofs of claims # 11 and 24) each claiming the identical amount of $96,750.00.

Valuation is necessary to determine the extent of Secured Creditor's secured claim versus any deficiency claim that would be treated as unsecured." Upon valuation of the collateral, any portion of the Secured Creditor's claim that exceeds the fair market value of the accounts receivable shall be treated as an unsecured claim pursuant to 11 U.S.C. § 506(a). As such, the Movant asks this court to determine which of these creditors remains secured and to disallow either claim #11 or #24 so that the Movant can create a viable plan of reorganization.

DATED this 22nd day of September, 2025.        LEAVITT LEGAL SERVICES, P.C.


/S/ James T. Leavitt
**JAMES T. LEAVITT, ESQ.**
601 South 6th Street
Las Vegas, Nevada 89101
*Attorney for Vegas Custom Glass*

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Attorney for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re:<br><br>VEGAS CUSTOM GLASS LLC.,<br><br><br>_____DEBTOR._____ | Case No.: 25-13929-gs<br>CHAPTER 11 SUBCHAPTER V<br>Hearing Date: October 28, 2025<br>Hearing Time: 9:30 a.m. |

## PROPOSED ORDER RE: MOTION TO VALUE COLLATERAL AND OBJECTION TO ALO CAPITAL GROUP'S DUPLICATIVE CLAIMS

This matter having come before the Court on the Motion to Value Collateral ("Motion") filed by Vegas Custom Glass LLC ("Debtor"), by and through its attorney, James T. Leavitt of Leavitt Legal Services, P.C.; the Court having reviewed the Motion, the Debtor's Declaration and attached Exhibits, all papers and pleadings on file herein; and the Court being fully advised in the premises;

**IT IS HEREBY FOUND:**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409;

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

4. Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on July 9, 2025;

5. Brian Shapiro was duly appointed as Chapter 11 Trustee in this case on July 11, 2025;

6. As of the petition date of July 9, 2025, Debtor's accounts receivable had a corrected book value of $92,134.57 as reflected in Debtor's amended petition filed August 19, 2025;

7. The bar date for filing proofs of claim was September 17, 2025, pursuant to Local Rule 3003(b);

8. The following creditors have asserted claims secured by Debtor's accounts receivable:

   - **Quick Bridge Funding, LLC ("QBF")**: Failed to file a timely proof of claim by the bar date. QBF's security interests arose from three transactions: (a) Account ending in 85-02-6 for $46,763.13 on October 4, 2024; (b) Account ending in 85-02-7 for $36,016.32 on November 6, 2024; and (c) Account ending in 85-02-8 for $70,999.92 on January 16, 2025, totaling $153,779.37;

   - **Fox Funding Group LLC**: Filed timely Proof of Claim #23 for Future Receivables Sale and Purchase Agreement dated April 1, 2025, with a Purchased Amount of $219,000.00;

   - **Alo Capital Group LLC**: Filed two proofs of claims (#11 and #24), each claiming $96,750.00 for the same Sale of Future Receipts Agreement dated June 9, 2025, with a Purchased Amount of $108,000.00;

   - **E Financial Tree (Sofiagrey, LLC d/b/a eFinancial Tree)**: Failed to file a timely proof of claim by the bar date;

9. QBF was the first creditor to perfect its security interest in the accounts receivable, with its earliest transaction occurring on October 4, 2024;

10. The total amount owed to QBF ($153,779.37) exceeds the book value of the accounts receivable collateral ($92,134.57);

11. Alo Capital Group LLC filed duplicative claims #11 and #24, both claiming $96,750.00 for the identical underlying debt obligation;

12. Pursuant to 11 U.S.C. § 506(a), valuation of the accounts receivable is necessary to determine the secured and unsecured portions of creditors' claims;

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED;

2. The fair market value of Debtor's accounts receivable as of the petition date of July 9, 2025, is hereby determined to be $_____;

3. Quick Bridge Funding, LLC's Priority Security Interest:

   - QBF held the first and senior security interest in the accounts receivable as of the petition date;

   - QBF's claim shall be bifurcated pursuant to 11 U.S.C. § 506(a):

     - QBF holds a secured claim equal to the lesser of (i) 153,779.37or(ii)theentirefairmarketvalueoftheaccountsreceivable(153,779.37 or (ii) the entire fair market value of the accounts receivable ( 153,779.37or(ii)theentirefairmarketvalueoftheaccountsreceivable(_____);

     - Any portion of QBF's claim exceeding the fair market value of the accounts receivable shall be treated as an unsecured claim;

   - Because QBF failed to file a timely proof of claim, the unsecured portion of QBF's claim is disallowed from payment under any future confirmed plan;

4. Treatment of Other Creditor Claims:

   - E Financial Tree: Because E Financial Tree failed to file a timely proof of claim and QBF's senior security interest encompasses all secured value of the collateral, E Financial Tree's debt is deemed fully unsecured and receives no payment under any future confirmed plan;

   - Fox Funding Group LLC: Fox Funding's claim (Proof of Claim #23) is deemed fully unsecured and shall be treated as a general unsecured claim in any future confirmed plan;

   - Alo Capital Group LLC: Alo Capital's claims are deemed fully unsecured and shall be treated as general unsecured claims in any future confirmed plan;

5. Duplicative Claims Objection:

- Alo Capital Group LLC's Proof of Claim #24 is disallowed as duplicative of Proof of Claim #11;

- Only Proof of Claim #11 filed by Alo Capital Group LLC in the amount of $96,750.00 shall be allowed as a general unsecured claim;

6. All secured and unsecured claim determinations made herein are binding upon all parties in interest and shall govern the treatment of claims in any plan of reorganization;

7. This Order shall be binding upon all parties in interest;

8. The Court retains jurisdiction to enforce the terms of this Order and to resolve any disputes arising therefrom.

**IT IS SO ORDERED.**

**Submitted by:**

*/S/ James T Leavitt*
**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
*Attorney for Vegas Custom Glass*

### *LR 9021 CERTIFICATION*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____     The court has waived the requirement set forth in LR 9021(b)(1).

_____     No party appeared at the hearing or filed an objection to the motion.

___     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_____     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.


# # #

N

## CERTIFICATE OF SERVICE

On the 22nd day of September, 2025, I served the following document(s):

### *MOTION TO VALUE COLLATERAL AND OBJECTION TO ALO CAPITAL GROUP'S DUPLICATIVE CLAIMS*

I served the above-named document(s) by depositing a true and complete copy of the above named document, first class postage paid into the United States Mail, via US Mail to the following persons as listed on the attached Matrix, other than those served electronically by the court as denoted with an asterisk next to the name.

**X**   (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

**X**   (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

Fox Funding
803 S 21st Ave
Hollywood, FL 33020-6962

Alo Capital Group
18851 NE 29th Ave
Miami, FL 33180-2847

Quickbridge
46 Discovery Suite 200
Irvine, CA 92618-3123

ALO Capital Group
c/o Giuliano Law PC
445 Broadhollow Rd.Suite 25
Melville, NY 11747-3645

E Financial Tree
201 Broad St Suite 1002
Stamford, CT 06901-2004

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 22nd day of September, 2025.

Melissa Milroy             /s/ Melissa Milroy
**(Name of Declarant)**        **(Signature of Declarant)**