**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittcf@gmail.com
Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:                                                    )    Case No.: 25-13929-gs
                                                          )    CHAPTER 11 SUBCHAPTER V
VEGAS CUSTOM GLASS LLC.,                                  )
                                                          )
                                                          )
            DEBTOR.                                       )

**DECLARATION OF VINCENT REGALA IN SUPPORT OF**
**MOTION TO VALUE COLLATERAL AND OBJECTION TO**
**ALO CAPITAL GROUP'S DUPLICATIVE CLAIMS**

I, Vincent Regala, declare as follows:

1. I am over the age of eighteen (18) years and am competent to make this Declaration. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. I am the Designated Responsible Person ("DRP") for Vegas Custom Glass LLC ("Debtor"), having been [appointed/designated] to this position on July 16, 2025. In my capacity as DRP, I am familiar with Debtor's business operations, financial condition, assets, and liabilities.

3. Debtor filed its Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on July 9, 2025, in Case No. 25-13929.

4. Brian Shapiro was appointed as Chapter 11 Trustee in this case on July 11, 2025.

5. At the time of filing the bankruptcy petition, Debtor's accounts receivable were initially reported at $123,567.02. However, after further review and analysis of Debtor's books and records, it was determined that the accurate amount of accounts receivable as of the petition date was $92,134.57.

6. On August 19, 2025, Debtor filed an amended petition to reflect the corrected accounts receivable amount of $92,134.57 as of the July 9, 2025 petition date.

7. The accounts receivable consist of amounts owed to Debtor by various customers for glass installation, repair, and fabrication services provided by Debtor in the ordinary course of its business operations.

8. The bar date for filing proofs of claim was September 17, 2025, as established under Local Rule 3003(b).

9. Multiple creditors have asserted secured claims against Debtor's accounts receivable through various future receivables purchase agreements, including: a. **Quick Bridge Funding, LLC**: Purchase and Sale of Future Receivables Agreement is the result of three different transactions: 1) Account ending in 85-02-6 for $46,763.13 on October, 4th 2024; 2) Account ending in 85-02-7 for $36,016.32 on November 6th, 2024; and 3) Account ending in 85-02-8 for $70,999.92 on January 16th, 2025. These 3 accounts total $153,779.37. Quick Bridge did not file a timely proof of claim by the bar date. b. **Fox Funding Group LLC** (Proof of Claim #23): Future Receivables Sale and Purchase Agreement dated April 1, 2025, with a Purchased Amount of $219,000.00. Fox Funding filed a timely proof of claim. c. **E Financial Tree (Sofiagrey, LLC d/b/a eFinancial Tree)**: Future Receivables Sale and Purchase Agreement dated May 19, 2025, with a Purchased Amount of $145,000.00. E Financial Tree did not file a timely proof of claim

by the bar date. d. **Alo Capital Group LLC** (Proofs of Claims #11 and #24): Sale of Future Receipts Agreement dated June 9, 2025, with a Purchased Amount of $108,000.00. Alo Capital Group filed two separate proofs of claim, each claiming $96,750.00, which appear to be duplicative claims for the same underlying debt.

10. Based on my knowledge of Debtor's business operations and the nature of its accounts receivable, the book value of $92,134.57 does not necessarily reflect the current fair market value or collectible value of these accounts for the following reasons: a. Some accounts receivable may be past due or difficult to collect; b. The collectibility of accounts receivable in the glass installation and repair industry can vary significantly based on the customer base and economic conditions; c. The forced sale or liquidation value of accounts receivable is typically less than book value due to collection costs and risks.

11. The total claimed secured amounts from creditors who filed timely claims ($219,000.00 + $96,750.00 = $315,750.00) significantly exceed the book value of the accounts receivable collateral ($92,134.57), indicating that not all claims can be fully secured.

12. Upon review of the proofs of claim filed by Alo Capital Group LLC, I have observed that Claims #11 and #24 appear to be duplicative and relate to the same underlying debt obligation. Both claims are filed for $96,750.00 and appear to stem from the same Sale of Future Receipts Agreement dated June 9, 2025, with an original Purchased Amount of $108,000.00.

13. The filing of duplicative claims creates confusion in the claims administration process and could result in double payment to the same creditor for the same debt, which would be prejudicial to other creditors and the estate.

14. Resolution of the duplicative claims filed by Alo Capital Group LLC is necessary to: a. Prevent double payment for the same underlying debt; b. Ensure accurate claim amounts for plan formulation purposes; c. Maintain the integrity of the claims administration process.

15. I believe that a valuation of the accounts receivable, combined with resolution of the duplicative claims issue, is essential for the proper administration of this Chapter 11 case and the development of a confirmable plan of reorganization.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Dated:** this __23rd__ day of September, 2025

_____
Vincent Regala