_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
October 01, 2025

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Attorney for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>VEGAS CUSTOM GLASS LLC.,<br><br><br>         DEBTOR. | BK-25-13929-gs<br>Chapter 11, Subchapter V<br><br>Date: August 29, 2025<br>Time: 9:30 a.m. |

**FINAL ORDER GRANTING DEBTOR'S MOTION FOR AUTHORIZATION TO: CONTINUE USING EXISTING MONEY MANAGEMENT SYSTEM, AS MODIFIED, (ii) TO HONOR CERTAIN PREPETITION OBLIGATIONS RELATED TO THE USE OF THE MONEY MANAGEMENT SYSTEM, AND (iii) MAINTAIN EXISTING BANK ACCOUNTS**

Vegas Custom Glass LLC., as debtor and debtor in-possession (the "Debtor"), by and through its counsel, James T. Leavitt Esq., having submitted its Motion: For Authorization to (i) Continue Using its Existing Money Management System, as Modified Pre-petition, and (ii) Honor Certain Pre-petition Obligations Related to the use of the Money Management System and (iii) Maintain Existing Bank Accounts (iv) Authority To Pay All Vendors, Suppliers, And Service Providers On A Cash Basis For Post-Petition Obligations (the "Motion") [ECF No.35];

the Court having reviewed and considered the Motion; the Motion having come on for hearing before the above-captioned Court on the 29th day of August, 2025 at 9:30a.m., all appearances having been noted on the record; the Court having made its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; it appearing that the relief requested is necessary to preserve the Debtor's ongoing operations, and is in the best interest of the Debtor's estates, creditors, and all parties-in-interest; and good cause appearing therefore,

**IT IS HEREBY ORDERED:**

1. The Motion is GRANTED.
2. There is no waiver of Section 345.
3. Debtor will designate its existing Bank of America Account(s) as a debtor-in-possession ("DIP") account within thirty (30) days from the date this Order is entered and any other bank account opened post-petition by the Debtor will be designated as DIP account.
4. Debtor is authorized and empowered to: a) maintain its Money Management System and continue to use its Bank Account for all purposes as debtor in possession accounts; b) use, in their present form, existing checks and other documents related to the Bank Accounts; c) pay post-petition ordinary course bank fees in connection with the Bank Accounts; d) perform their obligations under the documents and agreements governing the Bank Accounts; and e) pay all vendors, suppliers, and service providers on a cash basis for post-petition obligations.
5. Bank of America, at which Debtor maintains two Bank Accounts (consisting of one checking and one savings account), is authorized and directed to: (i) continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced, and maintained prior to the Petition Date, without interruption and in the usual

and ordinary course; and (ii) to pay any and all checks, drafts, wires, automated clearinghouse transfers, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts (collectively, the "Debits") on account of a claim arising on or after the Petition Date, so long as there are sufficient collected funds in the relevant Bank Accounts and in accordance with merchant service agreements, if applicable.

6. Debtor is hereby granted (i) the authority to continue to operate the Money Management System, including to fund the operations of the Debtor in the ordinary course of business, consistent with its pre-petition practices, as modified herein, (ii) the authority to honor certain pre-petition obligations related to the use of the Money Management System as set forth herein, (iii) authority to maintain existing business forms, including checks, (iv) authority to pay all vendors, suppliers, and service providers on a cash basis for post-petition obligations, and (v) authority to pay all post-petition union trust fund contributions and union dues beginning June 2025, with authorization to secure such payments using the Debtor's accounts receivable and other available collateral, subject to the rights of the Secured Creditors and any adequate protection requirements.

**IT IS SO ORDERED.**

**PREPARED AND SUBMITTED:**

LEAVITT LEGAL SERVICES, P.C.

By: */s/ James T. Leavitt*
JAMES T. LEAVITT, ESQ.
Nevada Bar No. 012803
601 S 6th Street
Las Vegas, Nevada 89101
Attorney for Debtor-in-Possession

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

    ___    The court has waived the requirement set forth in LR 9021(b)(1).

    ___    No party appeared at the hearing or filed an objection to the motion.

    _X_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

APPROVED

*/s/ Jared A Day*
Jared A. Day
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 17
300 Booth Street, Room 3009
Reno, NV 89509

APPROVED

*/s/ Brian Shapiro*
Brian D. Shapiro
Bankruptcy Trustee
510 S. 8th Street
Las Vegas, NV. 89101

    ___    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### ###