_____
Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
October 20, 2025

**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittecf@gmail.com
Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | BK-25-13929-gs<br>Chapter 11, Subchapter V |
| VEGAS CUSTOM GLASS, LLC., | DATE: October 16, 2025<br>TIME: 9:30a.m. |
| DEBTOR. | |

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 FOR AN ORDER DETERMINING THAT ADEQUATE ASSURANCE HAS BEEN PROVIDED TO UTILITY COMPANIES**

Vegas Custom Glass, LLC, as debtor and debtor in possession (the "Debtor"), having filed its Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance Has Been Provided to Utility Companies (the "Motion") [ECF No.19]; the Motion having come on for hearing before the above-captioned Court on the 29th day of August, 2025 at 9:30a.m., and continued on October 16, 2025, Debtor appeared by and through its proposed counsel, James T. Leavitt, and all other appearances were noted in the record; the Court having reviewed the Motion and the other pleadings and papers on file, and having heard and considered

the argument of counsel; the Court having stated its findings of fact and conclusions of law on

the record at the hearing on the Motion, which findings of fact and conclusions of law are

incorporated herein by this reference in accordance with Rule 52 of the Federal Rules of Civil

Procedure, made applicable pursuant to Bankruptcy Rules 7052 and 9014; it appearing that the

relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditor, and

after due deliberation and sufficient cause appearing therefor, and including the following utility

providers and their addresses below:

NV Energy
PO Box 10100
Reno, NV. 89520

Cox
PO Box 52362
Phoenix, AZ. 85072

Western Elite
691 W Warm Springs Rd,
Henderson, NV 89011

**IT IS HEREBY ORDERED**:

1. The Motion is GRANTED.

2. Except in accordance with the procedures set forth below, absent further order of

the Court, Debtor's utilities (as such term is used in section 366 of the Bankruptcy Code,

collectively, the "Utility Providers") are prohibited from: (a) altering, refusing, or discontinuing

service to, or discriminating against Debtor solely on the basis of the commencement of its

bankruptcy case or on account of any unpaid invoice for services provided before the Petition

Date, and (b) requiring the payment of a deposit or other security in connection with the Utility

Providers' continued provision of utility services, including the furnishing of gas, heat,

electricity, water, telephone service, or any other utility of like kind, to Debtor.

3. If a Utility Provider is not satisfied with the assurance of payment provided under

this order, the Utility Provider must serve a written request (a "Request") for additional assurance of payment, which Request must be served upon Debtor's counsel so that it is actually received within fourteen (14) days of the date of entry of this order (the "Request Deadline"). The Request must set forth a detailed request for whatever additional protections such party believes are necessary and appropriate under the circumstances. Without further order of the Court, Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if Debtor in its discretion determines that the Request is reasonable or if the parties negotiate alternate consensual provisions.

4. If Debtor believes that a Request is unreasonable, Debtor shall file a motion pursuant to section 366(c)(2) of the Bankruptcy Code (a "Determination Motion") within fourteen (14) days after the Request Deadline, seeking a determination from the Court that it has provided adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the Request may not alter, refuse, or discontinue services to Debtor nor recover or set off against a pre-petition deposit.

5. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that Debtor's Adequate Assurance provides adequate assurance of payment to such Utility Provider within the meaning of section 366 of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Case.

6. Nothing in this order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 366 of the Bankruptcy Code or other applicable law, and nothing herein or in the Motion shall constitute a post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code nor shall anything herein be deemed a waiver by Debtor or any other party of any right with respect to the assumption or rejection of an executory contract.

1    7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the

2  terms and conditions of this Order shall be immediately effective from the date of the filing and

3  enforceable upon its entry.

4    8. The Court retains jurisdiction with respect to all matters arising from or related to

5  the implementation of this Order.

6

7  **IT IS SO ORDERED.**

8

9  PREPARED AND SUBMITTED:

10  LEAVITT LEGAL SERVICES, P.C.

By:  */s/James T. Leavitt*
11  JAMES T. LEAVITT, ESQ.
Nevada Bar No. 012803
12  601 S 6th Street
Las Vegas, Nevada 89101
13  Attorney for Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

### *LR 9021 CERTIFICATION*

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____    The court has waived the requirement set forth in LR 9021(b)(1).

_____    No party appeared at the hearing or filed an objection to the motion.

_X_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

_____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #