**LEAVITT LEGAL SERVICES, P.C.**
**JAMES T. LEAVITT, ESQ.**
State Bar No. 012803
601 South 6th Street
Las Vegas, Nevada 89101
Phone: (702) 385-7444 Facsimile: (702) 385-1178
Jamestleavittesq@gmail.com, Leavittcf@gmail.com
Attorney for Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:                                ) Case No.: 25-13929-gs
                                      ) CHAPTER 11 SUBCHAPTER V
VEGAS CUSTOM GLASS LLC.,              )
                                      )
                                      )
_____DEBTOR._____)

### DECLARATION OF VINCENT-JOSEPH TARINE REGALA IN SUPPORT OF OBJECTION TO ALO CAPITAL GROUP'S DUPLICATIVE CLAIMS

I, Vincent Regala, declare as follows: 1. I am the owner of Vegas Custom Glass LLC ("Debtor"), the debtor-in-possession in the above-captioned bankruptcy case.

1. I am over the age of eighteen (18) years and am competent to testify to the matters set forth herein. I have personal knowledge of the facts stated in this Declaration and could and would testify competently thereto if called as a witness.

2. I make this Declaration in support of Debtor's Objection to Alo Capital Group LLC's Duplicative Claims (Proof of Claim #11 and Proof of Claim #24).

3. Debtor filed its Voluntary Petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code on July 9, 2025.

4. As owner of Vegas Custom Glass LLC, I am responsible for the day-to-day operations of the business and am familiar with all of the company's financial obligations and creditor relationships.  (THE ALO CAPITAL GROUP TRANSACTION)

5. On or about June 9, 2025, I entered into a Sale of Future Receipts Agreement with Alo Capital Group LLC on behalf of Vegas Custom Glass LLC.

6. This was the only Sale of Future Receipts Agreement that Vegas Custom Glass LLC ever entered into with Alo Capital Group LLC.
7. Under the terms of this Agreement: - The Purchased Amount of Future Receipts was $108,000.00 - The Purchase Price was $80,000.00 - The Net Funded Amount deposited into our business account was $76,000.00 - The amount claimed as owed by Alo Capital Group is $96,750.00
8. I personally signed the Sale of Future Receipts Agreement, the ACH Authorization Agreement, and related documents on behalf of Vegas Custom Glass LLC as the owner of the company.
9. I also signed a personal guaranty in connection with this transaction.
10. To my knowledge, Alo Capital Group LLC filed a UCC-1 Financing Statement with the State of Nevada on June 17, 2025, to perfect its security interest in connection with this transaction.
11. I discovered that Alo Capital Group LLC filed two separate proofs of claim for what appears to be the same debt: - Proof of Claim #11: Filed on September 8, 2025, claiming $96,750.00 - Proof of Claim #24: Filed on September 17, 2025, claiming $96,750.00.
12. I have reviewed both Proof of Claim #11 and Proof of Claim #24, including all attached exhibits.
13. Both claims are based on the same Sale of Future Receipts Agreement dated June 9, 2025.
14. Both claims assert the identical amount of $96,750.00 as the total claim.
15. Both claims reference the same Purchased Amount of $108,000.00.
16. Both claims identify the same collateral: accounts receivable/purchased receipts.
17. Both claims reference the same UCC-1 Financing Statement filed on June 17, 2025.
18. Vegas Custom Glass LLC entered into only one transaction with Alo Capital Group LLC and received only one funding of $76,000.00 (net) from Alo Capital Group LLC.

19. There was no second agreement, no second funding, and no second debt to Alo Capital Group LLC.

20. If both claims were allowed, Alo Capital Group LLC would receive payment twice for the same debt, totaling $193,500.00 ($96,750.00 x 2) for a single obligation of $96,750.00.

21. This would be unfair to the Debtor and to other creditors in this bankruptcy case who would receive less in any distribution due to the improper duplication.

22. I do not dispute that Vegas Custom Glass LLC owes a debt to Alo Capital Group LLC arising from the June 9, 2025 Sale of Future Receipts Agreement.

23. However, Vegas Custom Glass LLC owes only one debt to Alo Capital Group LLC, not two separate debts.

24. To the best of my knowledge, information, and belief, Proof of Claim #24 is duplicative of Proof of Claim #11 and should be disallowed.

25. Based on my personal knowledge as the owner of Vegas Custom Glass LLC, I can state with certainty that:
    - Vegas Custom Glass LLC entered into only one Sale of Future Receipts Agreement with Alo Capital Group LLC
    - That agreement was dated June 9, 2025
    - Vegas Custom Glass LLC received only one funding from Alo Capital Group LLC in the net amount of $76,000.00
    - Vegas Custom Glass LLC owes only one debt to Alo Capital Group LLC in the amount of $96,750.00
    - Both Proof of Claim #11 and Proof of Claim #24 represent the same underlying obligation 28.

. . . .

. . . .

- 3 -

26. I respectfully request that the Court disallow Proof of Claim #24 as duplicative and allow only Proof of Claim #11 to be recognized in this bankruptcy case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this  20th  day of October, 2025.

_____
*Vincent Regala*

- 4 -