**Fill in this information to identify the case:**

Debtor Name  Vegas Custom Glass, LLC

United States Bankruptcy Court for the: _____ District of __Nevada__
(State)

Case number: __25-13929-gs__

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          02/20

[ Vegas Custome Glass, LLC ]'s Plan of Reorganization, Dated [ 1/14/2026 ]

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

The Debtor is a [corporation, partnership, etc.]. Since [insert year operations commenced], the Debtor has been in the business of __See attached Exhibit "1"__. [Describe the Debtor's business].

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit _"A"_.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit _"B"_.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ __See attached__ Exhibit "1"

The final Plan payment is expected to be paid on __See attached__ Exhibit "1"

[Summarize the numerical projections, and highlight any assumptions that are not in accord with past experience. Explain why such assumptions should now be made.] **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name  Vegas Custom Glass, LLC

Case number  25-13929-gs

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:

| | |
|---|---|
| 1 | classes of priority claims; |
| 1 | classes of secured claims; |
| 1 | classes of non-priority unsecured clams; and |
| 1 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately ☐ cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).<br><br>[Add classes of priority claims, if applicable] |
| 2.02 | **Class 2** | The claim of ⟨ See attached Exhibit "1" ⟩, to the extent allowed as a secured claim under § 506 of the Code.<br><br>[Add other classes of secured creditors, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).] |
| 2.03 | **Class 3** | All non-priority unsecured claims allowed under § 502 of the Code.<br><br>[Add other classes of unsecured claims, if any.]   See attached Exhibit "1" |
| 2.04 | **Class 4** | Equity interests of the Debtor. [If the Debtor is an individual, change this heading to *The interests of the individual Debtor in property of the estate*.] |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.<br><br>Or<br><br>Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid [specify terms of treatment, including the form, amount, and timing of distribution, consistent with section 1191(e) of the |

| Debtor Name | Vegas Custom Glass, LLC | Case number | 25-13929-gs |
|---|---|---|---|

Code].

[Note: the second provision is appropriate only in a subchapter V plan that is confirmed non-consensually under section 1191(b).]

| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid [Specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].   See attached Exhibit "1" |
|---|---|---|
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  **Claims and interests shall be treated as follows under this Plan:**   See attached Exhibit "1"

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims** excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | [Insert treatment of priority claims in this Class, including the form, amount and timing of distribution, if any.<br>For example: "Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. Except: [＿＿＿＿＿]."]<br>[Add classes of priority claims if applicable] |
| Class 2 – **Secured claim** of [*Insert name of secured creditor.*] | ☑ Impaired<br>☐ Unimpaired | [Insert treatment of secured claim in this Class, including the form, amount and timing of distribution, if any.]<br>[Add classes of secured claims if applicable] |
| Class 3 – **Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | [Insert treatment of unsecured creditors in this Class, including the form, amount and timing of distribution, if any.]<br>[Add administrative convenience class if applicable] |
| Class 4 - **Equity security holders of the Debtor** | ☐ Impaired<br>☐ Unimpaired | [Insert treatment of equity security holders in this Class, including the form, amount and timing of distribution, if any.] |

### Article 5: Allowance and Disallowance of Claims  N/A

| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
|---|---|---|
| | | (i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name  Vegas Custom Glass, LLC _____    Case number  25-13929-gs _____

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|

[List assumed, or if applicable assigned, executory contracts and unexpired leases.]

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than _____ days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

[Insert here provisions regarding how the plan will be implemented as required under § 1123(a)(5) of the Code. For example, provisions may include those that set out how the plan will be funded, including any claims reserve to be established in connection with the plan, as well as who will be serving as directors, officers or voting trustees of the reorganized Debtor.]

## Article 8: General Provisions

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|

[Insert additional definitions if necessary].

| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate governance** | [If the Debtor is a corporation include provisions required by § 1123(a)(6) of the Code.] |

Debtor Name   Vegas Custom Glass, LLC _____          Case number 25-13929-gs _____

[8.08  **Retention of Jurisdiction**          Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.]

### Article 9: Discharge

See attached Exhibit "1"          [Include the appropriate provision in the Plan]

**[No Discharge -- Section 1141(d)(3) IS applicable.]**

In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

See attached Exhibit "1"

**[Discharge -- Section 1141(d)(3) IS NOT applicable; use one of the alternatives below]**

*[The following 3 alternatives apply to cases in which a discharge is applicable and the Debtor **DID NOT** elect to proceed under Subchapter V of Chapter 11.]*

**[Discharge if the Debtor is an individual and did not proceed under Subchapter V]**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

**[Discharge if the Debtor is a corporation and did not proceed under Subchapter V]**

On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
    (i)  imposed by this Plan; or
    (ii) to the extent provided in § 1141(d)(6).

*[The following 3 alternatives apply to cases in which the Debtor **DID** elect to proceed under Subchapter V of Chapter 11.]*

**[Discharge if the Debtor is an individual under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt:
    (i) imposed by this Plan; or
    (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Debtor Name  Vegas Custom Glass, LLC

Case number  25-13929-gs

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a partnership under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

> (i) imposed by this Plan; or
>
> (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

> (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
>
> (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

Debtor Name  Vegas Custom Glass, LLC

Case number  25-13929-gs

✖ Vincent Regala

[Signature of the Plan Proponent]

Vincent Regala

[Printed Name]

✖ *James T. Leavitt*

[Signature of the Attorney for the Plan Proponent]

James T Leavitt

[Printed Name]

EXHIBIT "1"

Debtor Name  **Vegas Custom Glass, LLC**
United States Bankruptcy Court for the District of Nevada

Case number  _ BK-25-13929-gs_

# Official Form 425A
## First Amended **Plan of Reorganization for Small Business Under Chapter 11**

**Vegas Custom Glass, LLC.'s**

**Plan of Reorganization, Dated: 1/14/2026**

**Background for This Case Filed Under Subchapter V**

**A. Description and History of the Debtor's Business**

The Debtor, Vegas Custom Glass, LLC., is a commercial and residential glass installation and repair company. The Debtor is owned by Vincent Regala (100% ownership interest). Prior to filing, The business struggled with rising costs across materials, labor, and operations due to widespread supply chain issues and inflation, while being unable to sufficiently increase pricing on existing contracts, resulting in shrinking profit margins. Additionally, the company experienced unusually long delays in receiving payments from commercial construction clients, with collection periods far exceeding normal timelines and creating serious cash flow problems. This combination of reduced profitability and extended payment delays made it impossible for the company to meet its regular debt obligations, including required weekly loan payments. Consequently, management decided to file for Chapter 11 protection under Subchapter V to reorganize their debts, streamline operations, and continue business activities while working toward a more financially stable future. This includes transitioning away from commercial projects and focusing exclusively on residential projects.

**B. Liquidation Analysis**

To confirm this Plan of Reorganization (the "Plan"), the Court must find that if a general unsecured creditor does not accept the Plan, that creditor will receive at least as much under the Plan as its claim would receive in a chapter 7 liquidation. A hypothetical chapter 7 liquidation would result in the unsecured creditors receiving less than under this Plan, which is proposed to pay all creditors 1.649839476234989% of their claims, totaling over $40,620.64 dollars. The schedules (when subtracting listed property that is over encumbered by liens) assert a value of assets in the amount of $244,606.79. Due to the expenses incurred during this case, unsecured creditors would receive $22,500.00 in a hypothetical chapter 7 liquidation after administrative costs are considered. A Liquidation Analysis is attached as **Exhibit "A."**

**C. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The Plan proposes that the Debtor set aside $6,000.00 per month for 60 months, totaling $360,000.00. As such, the Debtor will have no need for projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in§ 1191(c)(2)). A Financial Projection, which is simplified as immediate disbursements, is attached as **Exhibit "B."** The source of the plan funding is from business operations, sale of superfluous business assets, and capital contributions from Mr. Regala as needed.

### Article 1: Summary

This Plan under chapter 11 of the Bankruptcy Code (the Code) proposes to pay creditors from infusion of capital.

This Plan may provide for:    a class of priority claims (of which there are eight members);

a class of a secured claims (of which there are members);

a class of non-priority unsecured claims; and

a nominal class of equity security holders.

All creditors should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. You should read this Plan carefully and discuss it with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | Class 1 | **Proof of claims #16-1, 17-1, 18-1, 19-1, 20-1, 21-1, and 22-1 will be paid a total of $147,772.57 as these claims all represent the same debt owed to various Union Trust Funds. Post-petition amounts will be paid as they accrue and may be adjusted once actual amounts owed become certain. Claim 27-1 will be paid in full within 10 days of effective date of plan.** |
| 2.02 | Class 2 | **Proof of claim #23-1 will be bifurcated with $119,606.79 remaining secured and the remainder of this claim being relegated to Class 3. Proof of claim 24-1 will be bifurcated with $52,000 remaining secured and the remainder of this claim being relegated to Class 3. All other filed secured claims shall be treated as unsecured per court order dated 12/5/2025 (Docket # 104) granting such treatment and be relegated to Class 3.** |
| 2.03 | Class 3 | **All non-priority unsecured claims allowed under § 502 of the Code. This Plan proposes to pay these claims at 1.649839476234989%** |
| 2.04 | Class 4 | **Equity interests of the Debtors – the Debtor can and does retain all rights that might be considered equity interests.** |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

**3.1   Unclassified Claims**   Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not to be placed in classes.

**3.2   Administrative Expense Claims**   Administrative expense claims based on the fees and expenses of the Subchapter V Trustee and/or of counsel for the Debtor incurred during the administration of the case are estimated in the total amount of $30,000. Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full within 30 days the Effective Date of this Plan or after necessary approval of fees, whichever is later in time, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.3   Priority tax claims**

| Priority Tax Claimant | Priority amount asserted in proof of claim | Amount of claim after any anticipated claim adjustment | Treatment |
|---|---|---|---|
| **Internal Revenue Service (Claim #27-1) Glazing Health and Welfare Fund (Claim #16-1), International Painters and Allied Trades Industry (Claim 17-1), Joint Apprenticeship Training Trust (Claim 18-1), Finishing Trades Institute (Claim 19-1), So. NV & CA Glzrs, Pension Trust Fund (Claim 20-1), and So. NV LMCC (Claim 21-1), Star Program, Inc. (Claim 22-1)** | $100.00<br><br>$147,772.57 | $100.00<br><br>$147,772.57 | This claim will be paid in full within 10 days after the effective date of plan.<br>This claim will be paid in full within 5 years of effective date of plan. |

**3.4   Statutory fees**   All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the Effective Date of this Plan have been paid or will be paid on the Effective Date of the Plan.

**Article 4: Treatment of Claims and Interests Under the Plan**

**4.1   Claims and interests shall be treated as follows under the Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | **Yes** | **All priority claims will be paid in full, Claim 1-1 will be paid within 5 years of effective date of plan** |
| Class 2 – Secured claims | **Yes** | **Proof of claim #23-1 will be bifurcated with $119,606.79 remaining secured and the remainder of this claim being relegated to Class 3. Proof of claim 24-1 will be bifurcated with $52,000 remaining secured and the remainder of this claim being relegated to Class 3. All other filed secured claims shall be treated as unsecured per court order dated 12/5/2025 (Docket # 104) granting such treatment and be relegated to Class 3.** |
| Class 3 – Non-priority unsecured claims. | **Yes** | **All unsecured non-disputed claims shall divide a total pot of $40,620.64 on a pro rata basis totaling 1.649839476234989% of each allowed claim.** |
| Class 4 - Equity security holders of the Debtor | **N/A** | The equity security holder(s), the Debtor's member(s), shall retain all current interests. |

## Article 5: Allowance and Disallowance of Claims

**5.1   Disputed claim**
a                                  A disputed claim is a claim that has not been allowed or disallowed [by final non- appealable order], and as to which either:

(i)      a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or

(ii)      no proof of claim has been filed, and the Debtors has scheduled such claim disputed, contingent, or unliquidated.

**5.2   Delay of distribution on a disputed claim**
No distribution will be made on account of a disputed claim unless such claim is allowed by a final non- appealable order.

**5.3   Settlement of disputed claim**
The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

**6.1   Assumed executory contracts and unexpired leases**
Debtor will assume the following Executory Contracts:

Meow LLC lease for 6255 Mcleod Dr. Ste 20 & 21 pursuant to order granting Debtor motion to assume (Docket #69)


No late filed proofs of a claim arising from the rejection of an executory contract or unexpired lease under this section will be paid after the date of the order confirming this Plan.

**Article 7: Means for Implementation of the Plan**

The means for implementation shall come from business operations, sale of unencumbered assets and capital contributions from Mr. Regala as needed.

**Article 8: General Provisions**

**8.1   Definitions and Rules of Construction; Substantial Consummation**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

**8.2   Effective date**

The effective date of this Plan ("Effective Date") is the first business day that is a calendar month's first day that is at least 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.3   Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.4   Binding effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.5   Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.6   Controlling effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**8.7   Retention of Jurisdiction**

The United States Bankruptcy Court for the District of Nevada shall retain, without limitation, full and complete jurisdiction over this Plan and this chapter 11 case.

**8.8   Undeliverable Payments**

It is the responsibility of creditors to advise the Debtor, its reorganization counsel, and the Trustee (collectively, the "Notice Parties") of their current mailing address. If mail addressed to a creditor is returned (in the case of a creditor for whom multiple addresses are listed on the schedules or the filed proof of claim, if mail sent to each such address is returned), no further mail or payments need be sent to such Creditor, and the Creditor shall have 90 days from the date of the first returned mailing to advise the Notice

Parties, in writing, of the Creditor's current address. With regard to any checks not cashed within 90 days, whether or not such checks are returned, such funds shall become property of the Debtor.

**Article 9: Discharge and Effect of Confirmation**

**9.1 Discharge of Debtor**

If the Debtors' Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtors will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i)      imposed by this Plan; or

(ii)      to the extent provided in § 1141(d)(6).

If the Debtors' Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtors will not be discharged from any debt:

(i)      on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

(ii)      excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**9.2 Effects of Confirmation**

Upon Confirmation the following effects will apply:

**A.**      **Binding Effect**. From and after the Confirmation Date, the Plan will be binding and all parties and entities, including, without limitation, the Debtor and anyone holding any "claims" as defined by 11 U.S.C.§101(5), whether or not they voted in connection with the Plan.

**B.**      **Vesting of Assets.** Except as otherwise provided in the Confirmation Order, upon the Effective Date, all property of the Estate will vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, restrictive covenants, charges, and other interests, except as otherwise provided in the Plan or in the Confirmation Order. Any documents, including without limitation, deeds, deeds of trust, notes, and security agreements, shall be modified to conform to this requirement. From and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code, except as provided herein. Without limiting the foregoing, pursuant to section1123(b)(3) of the Bankruptcy Code, except for any Causes of Action expressly waived by Debtor pursuant to the terms of the Plan, the Reorganized Debtor will retain and will have the exclusive right, in its discretion, to enforce, not enforce, or compromise against any Person any and all Causes of Action of Debtor. The resolution of such Causes of Action not resolved as of the Confirmation Date will be the responsibility of the Reorganized Debtor's management. Debtor reserves the right to bring any claims or causes of action, whether or not discussed in the Plan or Disclosure Statement, and whether or not currently known to Debtor.

**C.**      **Injunction.** Except as otherwise expressly provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons who have held, hold or may hold Claims against Debtor or claims which are property of the Estate, along with their respective present or former employees, agents, officers, directors, or principals, are permanently enjoined, with respect to any such Claims or Membership Interests, as of the Confirmation Date, but

subject to the occurrence of the Effective Date, from (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtor, the Estate, or the Reorganized Debtor or any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or any property of any such transferee or successor; (b)enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against Debtor, the Estate, or the Reorganized Debtor or any of their property, or any direct or indirect transferee of any property of,or direct or indirect successor in interest to, any of the foregoing Persons, or any property of any such transferee or successor; (c)creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtor, the Estate, or the Reorganized Debtor or any of their property, or any director indirect transferee of any property of, or successor in interest to, any of the foregoing Persons; (d)acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law; (e) taking any actions to interfere with the implementation or consummation of the Plan and (t) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan, such as commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claims, Membership Interests, and Causes of Action which are extinguished or released pursuant to the Plan; provided, however, that nothing contained herein will preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan.

**D.** **Exculpation and Limitation of Liability.** None of Debtor, the Reorganized Debtor, or any of their respective current or former members, shareholders, officers, directors, managers, employees, advisors, professionals, affiliates, or agents of any of the foregoing (including any attorneys, financial advisors, investment bankers and other professionals retained by such persons, but solely in their capacities as such) will have or incur any liability for any act or omission in connection with, related to, or arising out of, without limitation, the negotiation and execution of the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, including, without limitation, all documents ancillary thereto, all decisions, actions, inactions and alleged negligence or misconduct relating thereto and all activities leading to the promulgation and confirmation of the Plan,'except willful misconduct, fraud, knowing misrepresentation, or gross negligence as determined by a Final Order of the Bankruptcy Court. This provision applies to conduct occurring during the Chapter11 Case. The foregoing parties will be entitled to rely upon the advice of counsel with respect to their duties arid responsibilities under the Plan.

**E.** **Injunction Related to Releases, Exculpation and Interference with Plan.** The Confirmation Order will permanently enjoin the commencement or prosecution by any Person or entity, whether directly, derivatively or otherwise, of any Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action or liabilities released pursuant to the Plan. Such Persons will also been joined from t aking any action to interfere with the Plan or the implementation of the Plan.

**F.** **Authorization.** Pursuant to section 1142(a) of the Bankruptcy Code, notwithstanding any other applicable non-bankruptcy law, rule or regulation relating to financial condition, Debtor is authorized to carry out the terms of the Plan. Debtor's Managing Member, Vincent Regala, is authorized to undertake any acts necessary or expedient to effectuate the Plan.

**G.** Within two business days of the Effective Date, the reorganized Debtor shall file a Notice of Occurrence of the Effective Date with the Bankruptcy Court, identifying the Effective Date and indicating that it has occurred.

**E.** Any stipulations that the Debtor negotiated with any individual creditors shall be incorporated by reference into the plan.

**F.**     Debtor will file a ballot summary, brief and declaration in support of the Plan and notice out the confirmation hearing date and time.

**G.**     Debtor agrees that the U.S. Trustee may review, comment, and execute on any order confirming the Plan.

## Article 10: Other Provisions

(A) There shall be no pre-payment penalty for the Debtor paying a claim at any time before expiration of the term set forth in this Plan or in any Note terms supplementing this Plan.

(B) The interest rate applied to payments under this Plan shall be according to the terms of any pre-petition agreements which formed the basis of the underlying debt.

(C) The occurrence of the Effective Date shall operate to disallow and expunge any claims of any creditor who received actual notice of the Chapter 11 Case and that: (a) were not listed on the Debtors' filed bankruptcy schedules and for which no proof of claim was filed on or prior to the Bar Date; (b) were listed on the Debtor's schedules as disputed, contingent or unliquidated, and for which no proof of claim was filed on or prior to the Bar Date; (c) are the subject of a proof of claim for a pre-petition claim that was filed after the Bar Date. Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the Debtor shall have no further liability for such claim.

(D) Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor without further order of the Court.

(E) The Plan may be modified post-confirmation in accordance with §1193 of the Bankruptcy Code.

(F) The Subchapter V Trustee shall be entitled to reasonable compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred through the Effective Date of the Plan, which shall constitute and administrative priority expense and shall be paid in accordance with Section 3.2 of this Plan.

(G) To the extent that there may be secured claim holders, such holders shall release their liens or reconvey their deed of trust within 30-days of receiving their last payment made under the Plan.

(H) If the Plan is confirmed under Section 1191(a), the provisions of 11 U.S.C. § 1183(c)(1) shall apply to the Plan and the Subchapter V Trustee shall be terminated upon Substantial Consummation of the Plan, subject to the United States trustee reappointing a trustee as needed for performance of duties under Sections 1183(b)(3)(C) and 1185(a) of the Code.

(I) Non-Consensual Confirmation under 11 U.S.C. § 1191(a). Notwithstanding the provisions of 11 U.S.C. § 1194(b), if the Plan is confirmed under 11 U.S.C. § 1191(b): (1) the Debtor will make all payments to creditors required under the Plan; and (2) the Subchapter V Trustee shall not be terminated pursuant to Section 1183(c).

(J) Substantial Consummation. In accordance with 11 U.S.C. § 1102(2)(C), the Plan shall be deemed Substantially Consummated upon the commencement of distributions under the Plan. In the event

the Plan is confirmed under 11 U.S.C. § 1191(a), Debtors shall file a notice of Substantial Consummation in accordance with 11 U.S.C. § 1183(c)(2).

Respectfully submitted,

*/s/ Vincent Regala*

On behalf of the Debtor and Plan Proponent

*/s/ James T Leavitt*

Attorney for the Debtor and Plan

Proponent

EXHIBIT "A"

**Vegas Custom Glass, LLC**
***Liquidation Analysis***

Cash
Security deposits
Accounts Receivable
Inventory
Office equipment and tools
Vehicles

Less:
Fox Funding Group (Secured Claim 23-1 on Cash, Security Deposits, and Accounts Receivable)
Alo Capital Group LLC (Secured Claim 24-1 for inventory, equipment)
Chapter 7 Trustee Fees (estimated)
Chapter 7 Legal Fees (estimated)
Chapter 11 Legal Fees (estimated)
Subchapter V Trustee Fees

**Net Available to Creditors**

| 7/9/2025 | | Liquidation Value |
|---|---|---|
| 22,472.22 | 100% | 22,472.22 |
| 5,000.00 | 100% | 5,000.00 |
| 92,134.57 | 100% | 92,134.57 |
| 20,000.00 | 100% | 20,000.00 |
| 32,000.00 | 100% | 32,000.00 |
| 73,000.00 | 100% | 73,000.00 |
| 244,606.79 | | 244,606.79 |
| | | |
| | | 119,606.79 |
| | | 52,000.00 |
| | | 15,500.00 |
| | | 5,000.00 |
| | | 25,000.00 |
| | | 5,000.00 |
| | | 222,106.79 |
| | | |
| | | **22,500.00** |

EXHIBIT "B"

Vegas Custom Glass
5 Year Projections
5% YOY

| Accounts | July,Aug,Sept Actual | 2025 | 2026 |
|---|---|---|---|
| Income | | | |
| 4000 Material | | | |
| 4010 Labor | | | |
| Billable Expense Income | | | |
| Discounts given | $(642.00) | $(924.00) | $(4,023.00) |
| Markup | | | |
| Sales | 384,204.00 | 429,961.00 | 1,742,062.00 |
| Sales of Product Income | | | |
| Shipping Income | | | |
| Total Income | $383,562.00 | $429,037.00 | $1,738,039.00 |
| Cost Of Goods Sold | | | |
| 5000 Cost of Goods Sold | $538.00 | $1,124.00 | $2,268.00 |
| 5010 Glass | 54,145.00 | 110,016.00 | 221,727.00 |
| 5020 Retro Fit Windows & Doors | 10,535.00 | 24,063.00 | 56,795.00 |
| 5030 Hardware & Materials | 23,428.00 | 47,558.00 | 95,234.00 |
| 5060 Subcontracted Labor | 1,000.00 | 2,089.00 | 4,218.00 |
| 5070 Freight & Delivery | | | |
| 5080 Shipping | | | |
| Total Cost Of Goods Sold | $89,646.00 | $184,850.00 | $380,242.00 |
| Gross Income | $293,916.00 | $244,187.00 | $1,357,797.00 |
| Expense | | | |
| 6000 Payroll Expenses | $997.00 | | $2,106.00 |
| 6010 Wages | 146,123.00 | 97,671.00 | 376,016.00 |
| 6020 MBT – NV | | | 10,000.00 |
| 6100 Automobile Expenses | | | |
| 6101 Fuel | 6,135.00 | 5,717.00 | 22,001.00 |
| 6102 Repairs & Maintenance | | | 360.00 |
| 6310 Auto Insurance | | | 22,000.00 |
| 6103 Major Repairs | | | |
| 6120 Bank Fees | | | |
| 6121 Merchant Account Fees | 1,155.00 | 1,416.00 | 5,802.00 |
| 6200 Rent | | 31,485.00 | 77,159.00 |
| 6210 Utilities | | 1,421.00 | 3,296.00 |
| 6400 Office Expenses | | | |
| 6410 Supplies | | | |
| 6420 Dues & Subscriptions | 739.00 | 876.00 | 3,538.00 |
| 6430 Telephone Expense | | | |
| 6500 Advertising & Marketing | 1,018.00 | 899.00 | 4,649.00 |
| 6600 Professional Services | 57.00 | 60.00 | 264.00 |
| Accounting Expense | 844.00 | 899.00 | 3,836.00 |
| Legal Expense | 131.00 | 143.00 | 200.00 |

| | | | |
|---|--:|--:|--:|
| 6700 Licenses & Permits | | | |
| 6800 Depreciation Expense | | | |
| Insurance Expense | 11,366.00 | 12,114.00 | 39,400.00 |
| Health Insurance | 1,926.00 | 2,098.00 | 21,600.00 |
| Internet Expense | 795.00 | 866.00 | 7,176.00 |
| Purchases | | | |
| Uncategorized Expense | | | |
| **Total Expense** | $171,286.00 | $155,665.00 | $599,403.00 |
| **Gross Profit** | $122,630.00 | $88,522.00 | $758,394.00 |
| Other Income | | | |
| 4800 Interest Income | | | |
| 4810 Recycling | $531.00 | $330.00 | $1,000.00 |
| **Total Other Income** | $531.00 | $330.00 | $1,000.00 |
| Other Expense | | | |
| Bankruptcy Debt | $– | $75,363.00 | $452,178.00 |
| **Total Other Expense** | $– | $75,363.00 | $452,178.00 |
| **Total Net Income** | $123,161.00 | $13,489.00 | $307,216.00 |

| 2027 | 2028 | 2029 |
|---|---|---|
| $(4,224.00) | $(4,435.00) | $(4,657.00) |
| 1,829,165.00 | 1,920,623.00 | 2,016,654.00 |
| $1,824,941.00 | $1,916,188.00 | $2,011,997.00 |
| $2,381.00 | $2,500.00 | $2,625.00 |
| 232,813.00 | 244,454.00 | 256,676.00 |
| 59,635.00 | 62,616.00 | 65,747.00 |
| 99,995.00 | 104,995.00 | 110,245.00 |
| 4,429.00 | 4,650.00 | 4,882.00 |
| $399,253.00 | $419,215.00 | $440,175.00 |
| $1,425,688.00 | $1,496,973.00 | $1,571,822.00 |
| $2,211.00 | $2,322.00 | $2,438.00 |
| 394,847.00 | 414,558.00 | 435,286.00 |
| 10,500.00 | 11,025.00 | 11,576.00 |
| 23,101.00 | 24,256.00 | 25,469.00 |
| 378.00 | 397.00 | 417.00 |
| 23,100.00 | 24,255.00 | 25,467.00 |
| 6,092.00 | 6,396.00 | 6,716.00 |
| 83,316.00 | 87,372.00 | 91,668.00 |
| 3,460.00 | 3,634.00 | 3,815.00 |
| 3,715.00 | 3,900.00 | 4,095.00 |
| 4,881.00 | 5,125.00 | 5,382.00 |
| 277.00 | 291.00 | 305.61 |
| 4,028.00 | 4,229.00 | 4,440.00 |
| 210.00 | 221.00 | 232.00 |

| | | |
|---|---|---|
| 41,370.00 | 43,438.00 | 45,610.00 |
| 22,680.00 | 23,814.00 | 25,004.00 |
| 7,535.00 | 7,912.00 | 8,307.00 |
| $631,701.00 | $663,145.00 | $696,227.61 |
| $793,987.00 | $833,828.00 | $875,594.39 |
| $1,050.00 | $1,103.00 | $1,158.00 |
| $1,050.00 | $1,103.00 | $1,158.00 |
| $452,178.00 | $452,178.00 | $452,178.00 |
| $452,178.00 | $452,178.00 | $452,178.00 |
| $342,859.00 | $382,753.00 | $424,574.39 |